GARLAND ET AL. v. CITY OF DENVER.

1. A prosecution for violating a city ordinance by engaging in the business of a ticket broker without a license, brought in the name of the city, is not a criminal case, within the meaning of constitution, article 6, section 24, giving the general assembly power to create a criminal court in each county having a population of fifteen thousand, "which court may have concurrent jurisdiction with the district courts in all criminal cases not capital."

2. The supreme court cannot take judicial notice of a city ordinance.

*Error to Criminal Court of Arapahoe County.*

THE plaintiffs in error, J. B. Garland and C. C. Bischof, were arrested in April, 1884, and afterwards tried before the police court of the city of Denver, on the charge of having engaged in the business of ticket bro-

kers in said city without license, contrary to its ordinance. They were convicted, and each adjudged to pay a fine of $50 and costs; from which judgment they appealed to the criminal court of the county of Arapahoe, where they were tried before a jury and convicted, and each adjudged to pay a fine of $50 and costs. The cause is brought to this court by writ of error.

Messrs. BROWNE and PUTNAM, for plaintiffs in error.

DE FRANCE, C. The plaintiffs in error claim that this is not a criminal case, and that therefore the criminal court of Arapahoe county had no jurisdiction of the same. This is a prosecution for the violation of a city ordinance, and is brought in the name of the city, as provided for by section 26, article 2, of the charter of said city, in force when this suit was commenced. Sess. Laws 1883, p. 68. It is not a criminal case in the sense in which that term is used in section 24, article 6, of the constitution of this state. This section reads as follows: " The general assembly shall have power to create and establish a criminal court in each county having a population exceeding fifteen thousand, which court may have concurrent jurisdiction with the district courts in all criminal cases not capital; the terms of such courts to be as provided by law." The criminal courts of this state depend for their existence upon this provision of the constitution, and the law, relating to such courts, enacted in pursuance thereof. They can only exercise criminal jurisdiction of the kind contemplated by this constitutional provision. A criminal case, within the meaning of such provision, is one brought for an offense committed against the laws of this state. The ordinances of municipal corporations within the state are not laws of the state. Jurisdiction to hear and determine causes brought for a violation of such ordinances cannot be conferred upon the criminal courts. In support of this position we cite the following authorities: *Williams v. Augusta,* 4 Ga.

509; *Davenport v. Bird*, 34 Iowa, 524; *Cooper v. People*, 41 Mich. 403. The validity of the city ordinance for a violation of which the plaintiffs in error in this case stand charged was called in question at the trial, but the ordinance itself is not before us. It was not copied into the bill of exceptions, and the court cannot take judicial notice thereof. The judgments in this case should be reversed.

STALLCUP and RISING, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the court below is reversed.

*Reversed.*