## Robert F. Gudgeon and William J. Gudgeon v. Daniel J. Casey.

1. CHANCERY PRACTICE—*Verification of Bill After Demurrer.*—The effect of a demurrer to a bill is to admit its truth, and the question as to the sufficiency of its verification can not be afterward raised.

2.  SHORT CAUSE CALENDAR—*Construction of Statute.*—The statute concerning the short cause calendar is an encroachment upon the general practice, and is not to be extended to cases beyond its terms, or to trials contrary to such terms.

3.  SAME—*Effect of Continuances.*—By the letter of the short cause calendar act (Hurd's Statutes, 1895, 1169), a continuance takes the case from the calendar, and the act seems to contemplate that such a calendar is personal to each judge.

4.  JUDICIAL NOTICE—*Rules of the Court Below.*—The Appellate Court does not take judicial notice of the rules of the court below.

**Injunction.**—Appeal from an interlocutory order entered by the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed February 11, 1896.

PEASE & McEWEN, attorneys for appellants.

The verification of the bill is one which has been condemned by numerous decisions of this and other courts, being, in effect, nothing more than the making of the entire bill of complaint upon information and belief. Siegmund v. Asher, 37 Ill. App. 123; Brabrook Tailoring Co. v. Belding, 40 Ill. App. 326.

Where the remedy is at law, equity will not enjoin. Bodman v. Drainage Dist., 132 Ill. 442; Turner v. Norton, 31 App. 425; Winchester v. Grosvenor, 48 Ill. 517; Beauchamp v. Putnam, 34 Ill. 380; Clingman v. Hopkie, 78 Ill. 153.

A court of equity will not enjoin the collection of a judgment on the ground that the party seeking relief had a defense to the claim at law, which he failed to plead in the absence of fraud or mistake of fact, by which he was prevented from interposing it. Carney v. Village of Marseilles, 136 Ill. 407; P. D. & E. Ry. Co. v. Duggan, 32 Ill. App. 354.

A bill to restrain the collection of a judgment should not only show a good reason why the evidence was not saved by bill of exceptions, but should also show what the evidence was which authorized the judgment complained of and the ground of defense, and why not made, and such other facts as would make a case. Buntain v. Blackburn, 27 Ill. 406.

F. S. BAIRD, attorney for appellee.

The appellants, by demurring to the bill, have admitted all the allegations positively stated and also those, if any, stated upon information and belief, and having had notice of the injunction and not denying by affidavit or otherwise the allegations of the bill, all the allegations of the bill must be true for the purposes of sustaining the injunction. High on Inj., Vol. 2, Sec. 1571; Gibson v. Gibson, 46 Wis. 462; Drenhart v. The Town of La Fayette et al., 19 Wis. 677.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an appeal from an interlocutory order granting an injunction upon a bill filed by the appellee, to which the appellants demurred.

As the effect of the demurrer was to admit the truth of the bill, whether the verification of the bill was sufficient, is not now a question in the case. High on Inj., Sec. 1571.

The case made by the bill is, in short, that the appellants sued the appellee for $1,430, to $500 of which demand the appellee had a good defense, the particulars thereof being fully stated; that the appellee had appeared and properly set up his defense; that the appellants caused the suit to be placed upon the "Short Cause Calendar" before Judge Baker; that it was there once continued at the instance of the appellants, and once at the instance of the appellee; that Judge Baker went to preside in the Criminal Court, which the appellee learning, he and his attorney watched for the cause to again appear before Judge Baker; that the case, without the knowledge of the appellee or his attorney, was placed on the "Short Cause Calendar" of Judge Hanecy, and there tried and judgment entered for $1,500, of which the appellee had no notice until after the term had passed; that the appellee applied to Judge Hanecy, who entered an order staying the execution upon payment by appellee of $930 into court, which was done, but appellants are endeavoring to have such stay vacated.

On such a case the appellee is entitled to a new trial as to the excess over $930 included in the judgment.

The statute concerning a "Short Cause Calendar," being an encroachment upon the general practice, should not be extended to cases beyond its terms, or to trials contrary to those terms.

By the letter of the act either of the continuances took the case from the calendar, and the act seems to contemplate that such a calendar is personal to each judge. The brief of the appellants states that there is a rule of the Circuit Court as follows:

"Monday of each week is set apart and assigned as a day for the trial of suits upon the short cause calendar, but any judge may postpone the call of his short cause calendar. No case shall be noticed for trial on such calendar, until the same is at issue. All notices to place a cause on such calendar must be filed with the clerk within two days after service of the same, and not later than on Thursday, eleven days before the Monday on which the case is set for trial. The clerk shall place upon the short cause calendar of each judge for each week the cases assigned to such judge, and noticed for trial upon the short cause calendar, except in cases when a judge is presiding in the Criminal Court, in which case his cases shall be distributed equally by the clerk among the other short cause calendars."

We can not notice such rule (Harrigan v. Turner, 53 Ill. App. 292), but if there be such, it relates only to the distribution of the cases, and not to the transfer from the calendar of one judge to that of another. Under such a rule, each judge has "his (own) short cause calendar."

While any error, if error there be, in the proceedings at law, is no ground for the interference of equity, yet, if the appellee and his attorney have, without negligence by either, been taken by surprise and the appellee thereby prejudiced, he is entitled to relief in equity. The injunction staying the execution until the further order of the court was properly granted, and the order is affirmed. We can not, on this appeal, give any directions relating to the merits. Affirmed.