Bissell, J.,
delivered the opinion of the court.
This prosecution was begun before a police magistrate in the city of Pueblo to enforce a penalty for the selling of intoxicating liquors contrary to the provisions of an ordinance of the city, which was stated in the complaint by its title, the date of its passage, and with a reference to the section prescribing the penalty. This accorded with the general requirements of the statute in such cases. Sess. Laws 1885, p. 289, sec. 13. On the trial before the magistrate the defendant was convicted, and he prosecuted an appeal to the county court, where the cause was retried, and resulted in a judgment of conviction, and the assessment of a fine of $100v from which the defendant prosecutes an appeal to this court. On the trial of the case in the county court the city offered a witness who substantially testified to the purchase of whisky which was sold without a license, and closed its case. The defendant offered no testimony, and then moved to dismiss because the complaint did not state an offense, and the prosecution had failed to introduce or prove the ordinance of the city under which the prosecution was begun.
The principal contention of the appellant, and the one on which the decision will be based, is to the effect that, in order to entitle the court to enter a judgment imposing the penalty, proof should be made of the ordinance violated. A proceeding of this sort is not a criminal prosecution, nor is the offense a crime or misdemeanor under our statute, but it is clearly a civil suit or proceeding, wherein, the judgment being adverse to the defendant, the court has power to impose the penalty which may be fixed by the ordinance. There are some differences of opinion in the various courts on this question, but it has been entirely settled by the decisions of the supreme court of the state. City of Greeley v. Hamman, 12 Colo. 94; Garland v. City of Denver, 11 Colo. 534.
*462 The character of these proceedings, and the difference between the form of action which must have been adopted at the common law and which prevails under our statute is thoroughly analyzed and accurately stated in those opinions, and the mature conclusions of that court undoubtedly are that it is a civil suit, and subject to the various rules which govern trials of civil actions. When this is conceded, the question still remains whether, in the trial of such a suit, it is incumbent on the plaintiff to prove the ordinance in order to show that the act done is in violation of its provisions, and the city therefore entitled to recover the penalty which is imposed by the municipal regulation. The authorities agree that, if the prosecution be begun in any other than a municipal court, the plaintiff must prove the ordinance in order to be entitled to a judgment, and that courts do not judicially notice ordinances of a municipal corporation, unless specially directed by the charter or by the statute. Some, however, hold-that when such prosecutions are begun before municipal courts, as was this, those courts will judicially notice these ordinances, and, being thus advised of their ■terms, will enforce penalties, if the case is otherwise made out. They do not agree, however, respecting the duty of courts to which the case may be taken on appeal. Some incline to the opinion that, as the courts where the case was begun are bound to take judicial notice of the ordinance under which the prosecution is laid, if the case is triable de novo, the appellate court will pursue the same practice, and are bound by the same rule. The general weight of authority, however, is against this contention. Most of them hold that, where the case goes up on appeal, although it may be triable de novo, the procedure in appellate courts must be what it would have been had the case been originally begun in that jurisdiction. Dillon on Mun. Corp., sec. 413; Horr & Bemis on Mun. Police Ordinances, sec. 184, et seq.; Shanfelter v. City of Baltimore, 80 Md. 483; City of St. Louis v. Roche, 128 Mo. 541; Green v. City of Indianapolis, 22 Ind. 192; City of Winona v. Burke, 23 Minn. 254.
*463 These cases sustain this general doctrine, and fully support the appellant’s contention. We do not regard the question as an open one in this state, because the Colorado cases which were cited to the original proposition respecting the character of the prosecution and the nature of the suit distinctly express the opinion of that court, and practically decide it. In the case in 12 Colo., the court, speaking by Judge Helm, decides that the ordinance is not a public or general law, and that “it is not taken judicial notice of in suits or actions, but must be stated and proven.” In the case of Garland v. City of Denver, the court declined to take notice of the ordinance which was alleged to be violated, regarded itself as precluded from an examination of its provisions because it was not proven in the court below nor put into the bill of exceptions, and was, therefore, not before the court. It might, perhaps, be conceded that the case of City of Greeley does not turn on this question, but it is so evidently germane to the subject under discussion, and was so directly involved, that the case must be taken as a complete settlement of the matter. We do not intend to intimate that our opinion is at all at variance with this declaration,. because we regard the proposition as settled by the weight and current of authority, and to accord with the rule which ought to prevail. The fact that the case was tried de novo, although it came to the court from one which, perhaps, was bound to take judicial notice of the ordinance, in our judgment in no wise affects the principles on which it rests. The burden was on the city to lay a basis for the conviction. This imposes no extraordinary labor, for the statute has provided a safe and easy method by which the ordinances may be established.
The court erred in rendering a judgment of conviction without proof of the ordinance, and we are unable to see that the defendant was guiltj^ of the violation of any municipal regulation, since there is none in the record. The judgment will therefore be reversed.

Reversed.