Donnerstag v. Loewenthal.

---

**William H. Donnerstag and Arthur Donnerstag v. Jacob Loewenthal, Adolph Loewenthal, Simon Loewenthal and Emil Loewenthal, Copartners as Jacob Loewenthal & Sons.**

1.   SHORT CAUSE CALENDAR—*Affidavit Must Be Filed.*—Unless the affidavit required by Sec. 97, Ch. 110, R. S. (Hurd's Statute, 1898, page 1219), is filed, it is error to place a suit upon the short cause calendar and compel a party to proceed with the trial against his objection.

2. SAME—*Upon What the Right to Place a Case on the Short Cause Calendar Depends.*—The right to place a case upon a short cause calendar and proceed with the trial, out of its order, depends entirely upon the filing of the affidavit as provided by the statute.

**Assumpsit,** for goods sold and delivered. Error to Superior Court, Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court of the First District at the October term, 1897. Reversed and remanded. Opinion filed May 31, 1898.

BULKLEY, GRAY & MORE, attorneys for plaintiffs in error.

WILLIAM J. FOX, attorney for defendants in error.

MR. JUSTICE HORTON delivered the opinion of the court.

This case was tried upon a call of the " Short Cause Calendar." The only point as to which we express any opinion is as to whether the case was properly upon that calendar.

Sec. 97, Ch. 110, Starr & Curtis' Stat. of Ill., provides that " Upon the plaintiff, his agent or attorney * * * filing an affidavit that he verily believes the trial of said suit will not occupy more than an hour's time, * * * said suit shall be placed by the clerk upon said short cause calendar."

Unless such an affidavit is filed it is error to place a suit upon the short cause calendar and compel a party to the cause to proceed with a trial thereof against his objection. The record here shows that about four weeks before said cause was finally called for trial, the plaintiffs in error moved to strike it from said calendar, upon the ground that no original affidavit, such as is required by the statute, had been filed, and again made said motion, stating the same ground therefor, just prior to the trial.

The right to place a cause upon the short cause calendar and to proceed with the trial thereof, out of its order, according to the date of its commencement, depends entirely upon the filing of an affidavit as provided by the section of the statute above quoted.

It is stated in a written notice served by the attorney for

the defendants in error upon the attorneys for the plaintiffs in error, that such an affidavit was made, and that a copy thereof was attached to said notice. That copy appears in the record. It is also stated in that notice that such affidavit " was duly filed in said suit." We have carefully examined the transcript in this case filed in this court, and such affidavit is not there. It was not filed as stated. That fact was distinctly brought to the attention of the attorney for plaintiffs in the trial court.

This case must be tried again, and we do not, therefore, wish to be understood as expressing any opinion as to the merits. From the record now before us, however, it seems as though the plaintiffs below should recover, and we dislike to reverse. But if an attorney does not file the original of the affidavit required by the statute, and persists in pressing a case for trial upon a call of the short cause calendar after notice by motion that only a copy of such affidavit (if there ever was an original) has been filed, he must not complain if the judgment he obtained can not be sustained.

The judgment of the Superior Court is reversed and the cause remanded.