Parsley v. Halloran.

## O. G. Parsley v. Mrs. C. Halloran.

1.   PRACTICE—*Placing Cases on the Short Cause Calendar.*—In order
to place a case upon the "short cause calendar" the plaintiff, his agent
or attorney, must file "an affidavit that he verily believes that the trial
of said suit will not occupy more than one hour's time," etc.

2.   SHORT CAUSE CALENDAR—*Filing a Copy of the Affidavit Insuffi-
cient.*—The right to place a case on the short cause calendar and to pro-
ceed with it to trial, out of its order, according to the date of its
commencement, depends entirely upon the filing of an affidavit as pro-
vided by statute; the filing of a copy of the original affidavit is not
sufficient.

Appeal from the Superior Court of Cook County; the Hon. ARTHUR
H. CHETLAIN, Judge, presiding.   Heard in the Branch Appellate Court
at the March term, 1899.   Reversed and remanded.   Opinion filed Feb-
ruary 13, 1900.

ROBERTS & ROBERTS, attorneys for appellant.

FRANCIS E. DONOGHUE, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.
This was an action originally begun before a justice of
the peace from whose judgment an appeal was taken to the
Superior Court.

The case was tried upon the "short cause calendar," and
the principal contention of appellant's counsel is that such
trial was improper for want of compliance with the statu-
tory requisites.

A motion to strike the case from said "short cause cal-
endar" was denied, and the court subsequently overruled
a similar motion at the time the case was called for trial.

The statute requires that in order to place a cause upon
the "short cause calendar," the plaintiff, his agent or attor-
ney must file "an affidavit that he verily believes the trial
of said suit will not occupy more than one hour's time," etc.
The trouble in this case is that there does not appear to
have been any such original affidavit filed. The notice
filed, a copy of which purports to have been left with a
clerk in appellant's office, states that " an affidavit of which
the foregoing is a copy was duly filed in said suit." But
the original of such copy does not in fact appear to have
been filed. If it be true that only a copy of the affidavit is
on file, the statute was not complied with and the cause was
not entitled to a place on the calendar. Donnerstag v.
Loewenthal, 77 Ill. App. 159. It is possible, of course, that
what is by appellee's own counsel in his affidavit of service
of notice called a " copy," may be in reality an original affi-
davit. But if so, there is no evidence of it in the record,
and we may not presume that counsel did not mean what
he says, when he swears it to be a copy.

The case was placed upon the short cause calendar pur-
suant to the notice and copy of the affidavit filed Septem-
ber 29, 1898; October 10, 1898, the cause was, on motion of
the plaintiff, continued, and it was called for trial Novem-
ber 21, 1898. The statute provides (Chap. 110, Sec. 68) that
a suit upon the short cause calendar " may be passed or

continued for good cause shown the same as other suits; and if so passed or continued it shall lose its place upon such calendar, but may be again placed thereon." A continuance operates to remove a case from the short cause calendar and it can only be replaced thereon by filing a new affidavit and giving new notice in accordance with section 95 of the same chapter. Gudgeon v. Casey, 62 Ill. App. 599.

The judgment of the Superior Court is reversed and the cause remanded.