Casey v. Jordan.

---

## W. C. Casey v. Effie Jordan.

1. Practice—*Placing Causes on the Short Cause Calendar.*—It is error to place a case on the short cause calendar upon the filing of a mere copy of an affidavit. The statute requires the filing of an affidavit, not a copy.

Action for Rent.—Appeal from the Circuit Court of Cook County; the Hon. Robert B. Shirley, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed April 8, 1901.

EDWARD H. MORRIS, attorney for appellant.

BEAUREGARD F. MOSELEY, attorney for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

Appellee brought this suit against appellant before a justice of the peace to recover an amount claimed to be due as rent of premises occupied by appellant. From a judgment of the justice of the peace in favor of appellee, appellant appealed to the Circuit Court.

In the Circuit Court the cause was placed upon the short cause calendar upon motion of appellee. No affidavit was filed in the Circuit Court, as required by the statute, a prerequisite to the placing of a cause upon the short cause calendar. (Sec. 95, Chap. 110, R. S.) The record shows that a copy only, of such affidavit was filed in the court. If the original affidavit is still in existence, its whereabouts are undisclosed and it was never filed in the Circuit Court. Therefore the cause was improperly placed upon the short cause calendar. Donnerstag v. Loewenthal, 77 Ill. App. 159; Parsley v. Holloran, 87 Ill. App. 581.

Counsel for appellant entered his motion in apt time to strike the cause from the short cause calendar, and renewed the motion at the beginning of the trial. The motion was denied. This was error.

The judgment is reversed and the cause is remanded.