## Charles L. Bonney v. Thomas S. McClelland.

## Gen. No. 13,593.

1. TRIAL—*when action of court in advancing time of, will not be reversed.* It is within the discretionary power of the trial court to advance or refuse to advance the hearing of a cause, and the action of the court with respect to such matter will not be reversed, unless an abuse of the discretionary power is shown. Likewise, the action of the court in advancing the hearing of a cause will not be reviewed where the bill of exceptions does not affirmatively show that the cause was actually tried out of its regular calendar order.

2. JUDICIAL NOTICE—*of what not taken.* The Appellate Court will not take judicial notice of the rules of the Circuit Court.

3. NOTICE—*what sufficient service of.* A notice to a non-resident attorney, who appears of record as the attorney in charge of the cause, unassociated with local counsel, is sufficient if made by means of the employment of the registered mail service of the United States.

Action of libel. Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed January 27, 1908.

Statement by the Court. The trial court dismissed, at appellant's cost, a suit brought by him against appellee. Hence this appeal. July 21, 1906, a declaration was filed, in which it is averred in substance as follows: Plaintiff, in January, 1906, was temporarily residing in the city of Jacksonville, Florida, and George M. Nolan was then mayor of said city, and the defendant was then in said city of Chicago; and said defendant, at said time, wrote a defamatory and false letter to said mayor, in which letter he characterized and designated plaintiff as a "big crook" and a "bunco steerer," and stated in said letter that the same was written to put said mayor on his guard against robbery, and defendant subscribed and forged to said letter the name "H. Schuettler," H. Schuettler being then and there assistant chief of police of the city of Chicago.

August 30, 1906, defendant pleaded the general issue. Certain affidavits filed in the cause are made part of the record by bill of exceptions, and it appears by an affidavit of the defendant, sworn to October 17, 1906, that said defendant made application to the court to advance the cause on the docket, so that he might have a speedy trial. In support of this application, defendant filed his own affidavit and that of H. F. Schuettler. In defendant's affidavit it is stated that the appellant is a resident of Jacksonville, Florida, and has been since early in the year 1905, and that he is, his own attorney in the suit and cannot be personally served with notice; also that the charges in the declaration are absolutely false; that affiant never wrote the letter or had anything to do with the writing of it. Schuettler, in his affidavit, says in substance, that he had seen the letter mentioned in the declaration, and that the signature thereto was not his, and that he, by order of the mayor, had submitted said letter, with letters of the defendant and others, to experts, for the purpose of ascertaining the authorship of the same, and that affiant, after investigation, found nothing which, in the least, would implicate the defendant as being the author of said letter.

November 22, 1906, the court entered an order advancing the cause and setting it for trial December 11, 1906. December 29, 1906, the following order was entered in the cause:

"Application having been made to the court by said defendant for instructions as in what manner he should serve notice on said plaintiff, who appeared as his own attorney in said cause, and it appearing to the court that said plaintiff is not a resident of Illinois, nor has been for more than eighteen months last past, and that he is resident of Jacksonville, Florida:—It is ordered that said defendant serve notices on said plaintiff by mailing the same to plaintiff in registered letters, or envelopes, directed to said plaintiff at Jacksonville, Florida, said application having been made and directions given on, to-wit, October 20, 1906,

but by error or mistake not entered of record, it is here ordered that this order be entered *nunc pro tunc* as of October 20, 1906."

December 11, 1906, there was filed in the cause affidavits of Homer W. Woodbury, in which, after setting out the title of the cause and the order of November 22, 1906, above referred to, there follows a notice stating, in substance, that the order was entered in the cause November 22, 1906, and that, December 11, 1906, the defendant would appear in the court, at ten o'clock in the forenoon, to try said cause, and that the cause might be tried before Judge Clifford, or any of the judges of the Circuit Court engaged in the trial of common law cases. The notice is signed, "Thomas S. McClelland, *pro se.*" Then follows the affidavit of Homer W. Woodbury, in which the affiant deposes, in substance, that November 23, 1906, he enclosed in an envelope, duly stamped and addressed to Charles L. Bonney, Jacksonville, Florida, a true copy of the order and notice aforesaid, and caused the same to be duly registered at the post office, paying therefor eight cents, and mailed the same, the registry receipt being here exhibited to the court.

December 29, 1906, affidavits of appellee and said Woodbury were filed. McClelland, in his affidavit, deposes, in substance, that October 20, 1906, he mailed to Charles L. Bonney residing at Jacksonville, Florida, a notice that he would move the court to advance said cause on the docket, enclosed in a registered letter, duly stamped, the registry receipt and report of the postmaster at Chicago, Illinois, being attached hereto and made a part hereof, and that November 6, 1906, said notice was returned to affiant by the post office department marked "Refused," and he therefore says that said Bonney refused to accept said notice.

Exhibits attached to the affidavit show registry of the letter, and that it was handed to Bonney, who called at the post office in Jacksonville, Florida, and that he returned it, "stating that he did not want it,

and would not sign for it." The affidavit of Homer
W. Woodbury shows the mailing by him, November
23, 1906, of a letter containing said notice, addressed
to Charles L. Bonney, Jacksonville, Florida, its reg-
istry and the receipt for registry, and that the letter
was offered to Bonney at the post office in Jackson-
ville, and he refused to take it. The foregoing are all
the affidavits or evidence contained in the bill of ex-
ceptions.

CHARLES L. BONNEY, for appellant.

THOMAS S. McCLELLAND, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the
court.

The assignments of error argued by appellant are
that the court improperly advanced the cause for trial,
and that the *nunc pro tunc* order of December 29,
1906, is void, for the reason that there was no minute
or memorandum on which to base it. Section 16 of
the Practice Act in force when the order advancing
the cause was made, provides: "All causes shall be
tried, or otherwise. disposed of, in the order they are
placed on the docket, unless the court, for good and
sufficient cause, shall otherwise direct." Counsel con-
tend that good and sufficient cause was not shown.
Whether the cause should be advanced on the show-
ing made, rested in the sound legal discretion of the
court, and the court's decision cannot be set aside,
except for manifest abuse of its discretion. Morrison
v. Hedenberg, 138 Ill. 22, 25; Staunton Coal Co. v.
Menk, 197 *ib.* 369, 373.

Thomas S. McClelland, the appellee, is a member of
the Chicago bar, and, as such, an officer of the Circuit
Court, and the declaration charges him with having
forged to a letter written by him, and containing
matter libelous on its face, the name of the assistant
chief of police of the city of Chicago. 'Such charge

Bonney v. McClelland.

was well calculated to injure his reputation as a man, and his business as a practicing attorney, and if true, disqualified him from practicing in the Circuit Court, or continuing to be an officer of that court. Appellee, in his affidavit, expressly denies that he wrote the letter or caused it to be written, or inspired it, and states that he never saw any part of it except the signature, which was exhibited to him by Herman F. Schuettler, the assistant chief of police, whose name was signed to it; and Mr. Schuettler, as shown by the statement preceding this opinion, deposed that on investigation made by him, by order of the mayor of the city of Chicago, he found not the smallest scintilla of evidence implicating appellee as the author of the letter. It was also relevant for the court to consider that the charge in the declaration was made without oath, and without the personal knowledge of the appellant, who resided in Jacksonville, Florida, when the letter was written. The suit was commenced and the declaration filed July 21, 1906, and appellee's affidavit states that "the plaintiff is a resident of Jacksonville, Florida, and has not resided in said Cook county since early in the year 1905." We cannot hold that the court, in entering the order of November 22, 1906, abused its discretion. There is nothing in the record to show that the cause would not have been reached for trial December 11, 1906, or that it was not reached and called for trial in its regular order on the docket, on that day, and every presumption must prevail in favor of the judgment, in the absence of anything in the record rebutting the presumption.

It is not necessary to the decision of this appeal to pass on the question whether the court had jurisdiction to enter the *nunc pro tunc* order of December 29, 1906. There is no statute providing that the court, in such a case as the present, shall or may direct the manner of serving notice. Appellant says there is a rule of the trial court so providing; but if there is any such rule, it is not in the record, or any evidence of it, and

therefore we cannot consider it. We cannot take judicial notice of the rules of the Circuit Court. Anderson v. McCormick, 129 Ill. 308, 314; 62 Ill. App. 599, 602.

That a sufficient notice was mailed to appellant and handed to him at the post office in Jacksonville, Florida, and that he refused to take it from the office or to sign a receipt for it, is shown by the evidence. Appellant does not deny that he refused to receive the notice, but attempts to excuse his refusal, saying, in his argument, "It is common practice, under this rule, for an attorney to refuse to receipt for such a copy of notice, even after he has read the same." This may be appellant's practice, but it is not always safe to measure another's corn with one's own half bushel, or another's conduct by one's own conduct. The result may prove short. It is unprofessional and discourteous for an attorney to refuse to receive or acknowledge the receipt of a proper notice, and we are pleased to be able to say, from our observation and experience, that such is not the practice of reputable members of the Chicago bar. We do not think appellant is in a position to make any objection in respect to notice. Residing in Jacksonville, Florida, he commenced suit in the Circuit Court of Cook county, and filed a declaration signed in his own name; and he had no agent or attorney in Cook county or in this state, so far as appears from the record, on whom notice could be served. It is significant that although appellant appeared in court by attorney at the term at which judgment was rendered, and therefore in time to move for a vacation of the judgment appealed from, and to support such motion by proper evidence, if any he had, that he had a good cause of action, no such motion or showing was made, and now appellant seeks relief here, which he might have had, on a proper and sufficient showing, in the trial court.

The judgment will be affirmed.

*Affirmed.*