[No. 5676.]

## COORS v. BROCK.

1. Practice in Civil Actions — Evidence — Instructions — Sufficiency.

Where the evidence on the issue presented by the pleadings is so conflicting that it is in equilibrium, it is essential that the jury be correctly instructed in the law upon that point.—P. 85.

2. Cities and Towns—Streets—Use as Highway — Negligence— Misleading Instructions — "Contract" — "Collision"—Words and Phrases.

In an action for injuries to a traveler on a street in a collision with defendant's team, the complaint alleged that the team struck plaintiff, and the answer denied it, but admitted that plaintiff came into collision with the team, and the evidence was conflicting, and two witnesses testified that the team was practically at a standstill when plaintiff collided with it. Held that, an instruction stating that it was admitted that defendant was driving along the highway and came in contact with the plaintiff, was misleading, as leaving the jury to believe that defendant admitted that he was the aggressor; since, under the circumstances, the word "contact" in the instruction might have been considered by the jury as synonymous with "collision."—P. 85.

3. Practice in Civil Actions—Instructions—Applicability to Evidence.

Where, in an action for injuries to a traveler on a street in a collision with a team, there was no evidence that the driver

drove the team on and over plaintiff and ran him down, it was error to give an instruction that if the driver saw plaintiff, or should, in the exercise of ordinary care, have seen him, and drove his team on or over plaintiff and so ran him down, he was negligent, since such instruction assumed that there was evidence that the driver drove his team on and over plaintiff.—P. 86.

4. **Practice in Civil Actions—Misleading Instructions.**

Instructions should be based on the evidence, and an instruction correct in principle, which impliedly assumes the existence of evidence not given, is erroneous because calculated to mislead the jury.—P. 86.

*Appeal from the District Court of the City and County of Denver.*

*Hon. John I. Mullins, Judge.*

Action by Albert W. Brock against Adolph Coors. From a judgment for plaintiff, defendant appeals.                              *Reversed.*

Mr. EZRA KEELER, for appellant.

Messrs. BICKSLER, BENNETT & NYE, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Action by appellee to recover damages by reason of personal injuries received by him in consequence, as alleged, of the negligent conduct of a servant of appellant.

Plaintiff had judgment, and defendant appeals.

The complaint alleged that, while plaintiff was riding a bicycle along 19th street, near the intersection of Lawrence street, in the city of Denver, defendant's servant so negligently and carelessly drove a two-horse team and vehicle that by reason thereof, without any fault or negligence upon plaintiff's part, the horses of the defendant struck the plaintiff and threw him off his bicycle upon the ground, thereby inflicting the injuries to his person and bicycle of which he complains.

The answer admitted the ownership of the team and vehicle, and that the same was being driven by his servant at the time and place stated in the complaint, "and admits that plaintiff, while so riding his bicycle, came in collision with defendant's horses, and was thereby thrown from his bicycle to the ground; but, on information and belief, avers the fact to be that plaintiff's alleged injury to his person and bicycle, if any he received, was caused through the negligence of the plaintiff directly contributing thereto, and in consequence of his own negligence in riding into and against one of the defendant's horses, and without any fault or negligence on the part of defendant or his servant."

All other averments of the complaint were denied by the answer.

A reply denied the averments of new matter in the answer.

It appears from plaintiff's testimony that he overtook defendant's driver on 19th street, at about Curtis street; that he proceeded alongside of the wagon for a block and a half, to the corner of 19th and Lawrence streets; that he was on the right-hand side of the street, going down, about three feet from the curb, and the driver close to the center of the street, from fifteen to eighteen feet from the curb; that plaintiff was riding opposite the driver; that he saw the wagon all the time; that both plaintiff and the wagon were going about eight miles an hour; that at a distance of about twenty feet from the southeast line of Lawrence street, he discovered a street car on Lawrence street going towards the city at a rapid rate of speed; that there was nothing to prevent him seeing the car sooner; that the usual stopping place of the car was on the opposite side of 19th street to that on which plaintiff was riding; that when he first saw the car, he did not lessen his speed,

and that if he had gone on at the same rate of speed, he would have come into collision with the car; that he checked up about when the accident occurred, or just before; that he ran about ten feet after discover- the car before he commenced to check his speed; that the driver turned his horses suddenly to the right and slowed up at the same time; that from the time the driver began to check up until he came into collision with the off horse of the team, they did not proceed over four feet; that he noticed the horses being checked up and made an effort to get close to the curb line; that he was about three feet from the corner of the curb and twenty feet from the first rail of the car track when the collision occurred, and that he could not turn up Lawrence street without run- ning into the team; that at the time the collision took place, he was riding about opposite the driver; that the horses were swung to the right from a straight course, about eight feet; that his left shoulder came in contact with the fore shoulder of the horse, and his wheel did not strike the horse; that the collision threw him from his bicycle to the street, causing the injury complained of.

A witness for plaintiff, who was standing on the corner diagonally across the two streets from where the accident occurred, testified that the driver swung his horses to the right and knocked plaintiff off his wheel.

The driver testified that he did not see plaintiff until plaintiff came into collision with one of his horses; that his team was at a standstill when plain- tiff came into collision with his off horse; that plain- tiff struck the horse at the shoulder; that he was driving fifteen to eighteen feet from the curb of 19th street; that plaintiff had plenty of room to turn to the right up Lawrence street; that he may have turned the team slightly to the right in stopping

them; that if he had not stopped, he would have come into collision with the car; that from the time he first saw plaintiff, it was impossible for him to have done anything to prevent the accident.

A witness for defendant, who was seated in the street car which stopped at the intersection of the streets, testified that he saw the young man on the wheel bearing down on the wagon; that when the car stopped and the driver of the wagon stopped the wagon, the front of the car came to about opposite the horses' heads; that plaintiff seemed to turn into the flank of the horse, striking the horse with his wheel, the wheel going under the horse, he falling to the right, striking on his right side; that plaintiff came into collision with the horse about the time the team stopped.

The foregoing is substantially all of the testimony as to the accident.

The pleadings squarely presented the question: Did the defendant's horses strike the plaintiff?

The complaint alleges that they did, and the answer denies this. The evidence upon this point is conflicting, and it may fairly be said that it is in equilibrium. It was, therefore, essential that the jury be correctly instructed in the law upon this point.

At the request of plaintiff, and over defendant's objection, the court instructed the jury that it was admitted that the defendant, through his servant, was driving along 19th street, and then and there came in contact with the plaintiff. This instruction is subject to criticism. The defendant did not admit, either in his pleadings or by his testimony, that his team came in *contact* with plaintiff; but, on the contrary, denied plaintiff's averment in that behalf and admitted only that plaintiff, while riding his bicycle, came into *collision* with defendant's horse;

and the testimony introduced by defendant supported this contention.

This instruction might have led the jury to believe that defendant admitted himself to be the aggressor; and if such admission existed, it was upon the pivotal point in the case, upon which there was a direct conflict in the testimony, and such admission, if made, would have been of decisive weight in determining the case.

Counsel for plaintiff say that they do not consider it of vital importance in this cause which party struck the other. With this contention we do not agree. If it is true, as testified to by two witnesses, that the team was practically at a standstill when plaintiff came into collision with the team, the jury should have been allowed to consider that testimony with all the other testimony upon this point, without being told that defendant admitted that the act of his servant caused the accident. Under the circumstances as disclosed by the evidence, the word ''contact,'' as used in the above instruction, might have been considered by the jury as synonymous with ''collision.'' To say to the jury that defendant admitted that the act of his servant caused the accident, took from the consideration of the jury testimony upon this vital point in the case.

The court instructed the jury, at the request of plaintiff, and over the objection of defendant:

''If, therefore, you find from the evidence that the driver of defendant's wagon, while proceeding along side of, or parallel with, the plaintiff, from about Champa street to Lawrence street, and while so driving, seeing the plaintiff, or from the relative positions of the parties, should, in the exercise of ordinary care, have seen the plaintiff, drive his team and wagon on or over the plaintiff, and so run him

down, you are from said facts authorized to find the defendant was negligent."

Under the evidence as shown by the record, this instruction was erroneous and prejudicial to the defendant, in that it assumed that there was evidence to the effect that the driver drove his team on and over plaintiff, and so ran him down, when there was no evidence even tending to support such assumption.

In *Fisk v. Greeley Electric Light Co.,* 3 Col. App. 319, 324, it is said:

"The instructions should in all cases be based upon the evidence, and an instruction, no matter how correct the principle which it may announce, that impliedly assumes the existence of evidence which was not given, is erroneous. It is calculated to bewilder and mislead the jury by producing the impression that in the mind of the court, some such state of facts as the instruction supposes, may be inferred from the evidence given, or concealed within it. The authorities upon this proposition are numerous and uniform." (Citing a large number of cases.)

On account of the error in the instruction last above noted, the judgment will be reversed.

*Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HELM concur.