[No. 3466.]

## Coors v. Brock.

1. EVIDENCE—*Judicial Notice—Municipal Ordinance.* The courts will not judicially notice the provisions of a municipal ordinance.

2. NEGLIGENCE—*A Question for the Jury.* In an action for an injury attributed to the negligence of defendant's servant in driving a team and colliding with plaintiff while riding a bicycle upon the public streets, an instruction that "it was plaintiff's duty, at his peril, to keep out of the way of defendant's team in case they should be suddenly turned to the right" would be a clear usurpation of the province of the jury.

So, an instruction that the "swerving of defendant's team to the right, in stopping, would be justifiable, though plaintiff was riding by his side."

So, an instruction which exonerates the driver, if he "did not know" of plaintiff's situation, in time to have avoided the collision, omitting the qualification that the driver, by due care, might have known of it.

3. INSTRUCTIONS—*Construction.* The charge of the court is to be taken as a whole. An instruction, which by itself, might be erroneous, may be qualified by what appears in another part of the charge.

4. NEW TRIAL—*Passion or Prejudice.* That the jury give credit to the witnesses examined for one party, rejecting the adversary testimony, is not evidence that they act from passion or prejudice.

*Appeal from Denver District Court.* HON. GREELEY W. WHITFORD, Judge.

Mr. EZRA KEELER, for appellant.

Messrs. BICKSLER, BENNETT & NYE, for appellee.

KING, J., delivered the opinion of the court.

This case was before the supreme court upon a former appeal in which a judgment for the plaintiff was reversed, because of error in certain instructions given by the court to the jury (*Coors v. Brock,* 44 Colo., 80). The cause was again tried and upon verdict of the jury judgment was rendered, from which the defendant again appealed.

The complaint alleged that while plaintiff was riding a bicycle near the intersection of Lawrence street in the city of Denver, defendant's servant so negligently and carelessly drove a two-horse team and wagon that without fault or negligence on the part of plaintiff, the horses of defendant struck plaintiff and threw him off his bicycle upon the ground, thereby inflicting injuries to his person and bicycle, for which he seeks compensation.

The answer admitted defendant's ownership of the team and wagon, and that the same was being driven by defendant's servant; that while plaintiff was riding his bicycle he came into collision with defendant's horses and was thereby thrown from the bicycle to the ground, but avers that plaintiff's alleged injuries were caused through the negligence of plaintiff, directly contributing thereto in consequence of his riding into and against one of defendant's horses, without fault or negligence on the part of defendant or his servant. All other averments of the complaint were denied by the answer, and all averments of new matter in the answer were denied by reply.

A rather full statement of the evidence as it ap-

peared upon the first trial is given in the opinion delivered by Mr. Justice Maxwell in *Coors v. Brock,* *supra,* which differs to some extent from the evidence upon the second trial.

Plaintiff's testimony shows that he overtook defendant's team and wagon at the intersection of Curtis street with Nineteenth street, from which point he traveled alongside of defendant's wagon for about two blocks—to the corner at Nineteenth and Lawrence streets; that they were travelling upon the right side of Nineteenth street, plaintiff on his bicycle about three feet from the curb and directly opposite the driver upon the front end of his wagon which was nearer the middle of the street than, and about seven feet from, the plaintiff; that both were going about eight miles per hour; that while approaching Lawrence street, and about twenty-five feet therefrom, plaintiff saw a street-car coming down Lawrence street from Twentieth street, running at a high rate of speed; that he was unable to see the car sooner because of a building upon the corner of the block; that upon seeing the car he suddenly checked the speed of his wheel, intending to run behind the car and down on the righthand side of Nineteenth street to his place of business; that defendant's team turned suddenly to the right toward plaintiff; to save himself plaintiff turned into the curbing as closely as he could but the horses caught him at the corner of the curb, knocked him down and trampled upon him and his wheel after he struck the ground; that there was nothing to prevent the driver from seeing plaintiff, and no obstructions to the left of the driver. Plaintiff was severely and permanently injured. His testimony was supported by a wit-

ness to the accident who stated that she saw the driver whirl his horses to the right, throwing plaintiff under the team to the ground.

The driver testified that he did not see plaintiff until plaintiff came into collision with one of the horses; that he first saw plaintiff as he brought his horses to a stop, at which time his horses' heads were near the first rail of the car track crossing Nineteenth street (the car being upon the opposite track); that in stopping his team he pulled it a little to the right when the wheelman passed from behind the wagon and ran into the off horse. The driver's testimony was strongly supported by some of defendant's witnesses, but in some respects it was not supported. Some of such witnesses testified that plaintiff was riding rapidly with his head down upon the handle bars and that while so riding he ran into defendant's team. It will thus appear that the testimony was materially and sharply conflicting. There was sufficient competent evidence to justify the jury in finding either for the plaintiff or for the defendant in accordance with their views of the credibility of the witnesses and the weight to be given to their testimony in connection with the conditions and circumstances surrounding the occurrence.

Defendant's assignments of errors raise a number of objections, those relied upon in argument being the refusal of the court to give certain instructions requested by him, and the giving of the second instruction over the objection of the defendant, and refusal to set aside the verdict.

The first instruction requested and refused related to the law governing the use of vehicles on the street, by which the defendant asked the court to in-

struct the jury, among other things, that the rider or driver of a vehicle must "keep within fifteen feet of the corner of the curb when turning to the right into another street, and it must necessarily follow that in passing another vehicle going in the same direction, it must pass such vehicle on the left." Certain ordinances of the city of Denver were offered and received in evidence, but there is no such provision in the ordinances introduced. This court cannot take judicial notice of the provisions of ordinances of municipal corporations. *Garland et al. v. City of Denver*, 11 Colo., 534.

By defendant's instruction No. 2 the court was asked to instruct the jury that, while riding along the street, as shown by the testimony, it was "plaintiff's duty at his peril to keep out of the way of defendant's team in case they should be suddenly turned to the right, either in stopping or meeting another vehicle, or in turning to the right into another street." Such an instruction would have been a clear usurpation of the functions and province of the jury. The evidence did not show acts of plaintiff constituting negligence *per se*.

By defendant's instruction No. 3 the court was requested to instruct the jury that, under the evidence if the team was caused to swerve to the right, "such swerving of the team to the right in stopping would be justifiable on the part of the driver although the plaintiff were riding along by his side." the determination of that question also was one of fact for the jury and not of law for the court.

By instruction No. 9 the court was requested to instruct the jury that if the driver of defendant's team did not know of plaintiff's situation in time to

have avoided the collision, the verdict should be for the defendant. This instruction, as requested, omitted the very important qualification that the defendant's driver might, by ordinary care, have known the plaintiff's situation.

From the foregoing observations upon the instructions requested and refused, it will appear that the court did not err in refusing to give them in the form requested. Such portions of the instructions requested as state the law, together with other instructions requested and refused, were substantially incorporated into the instructions given by the court.

Error is assigned to instruction numbered two as given by the court because it omitted all reference to contributory negligence on the part of the plaintiff. A full and correct statement of the law as to contributory negligence was given in other instructions, and the jury was further admonished that all of the instructions must be taken and considered as a whole.

We think the court did not err in refusing to set aside the verdict. For while it was manifestly contrary to the evidence of defendant's witnesses, it was in consonance with that of the witnesses for plaintiff, and the mere fact that the jury chose to believe one set of witnesses rather than another is not evidence that the jury acted under the influence of passion or prejudice. The evidence does not warrant the court in holding, as a matter of law, that the injury to plaintiff was caused by his contributory negligence. There is no condition conclusively appearing from the evidence which required defendant's team to be turned or permitted to turn abruptly to the right in stopping for the car to pass, in view of the distance

between the team and such passing car; nor reason why, with the exercise of ordinary care, the horses should not have been kept from trampling upon plaintiff after he was down.

Finding no material error in the record, the judgment of the trial court will be affirmed.