## City of Chicago, Defendant in Error, v. Albert R. Tearney, Plaintiff in Error.

### Gen. No. 19,415.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed July 2, 1914.

### Statement of the Case.

Action by City of Chicago against Albert R. Tearney to recover a penalty for violation of an ordinance of Chicago, known as "Section 1541 of the Chicago Code of 1911." Defendant was found guilty by a jury and a fine of twenty dollars was assessed against him. To reverse the judgment entered on the verdict, defendant prosecutes a writ of error.

J. W. SUTTON, for plaintiff in error; MARTIN L. WILBORN, of counsel.

WILLIAM H. SEXTON and JAMES S. McINERNEY, for defendant in error; ALBERT J. W. APPELL and ULYSSES S. SCHWARTZ, of counsel.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 29*—*right of Appellate Court to take judicial notice of city ordinances.* Though the Municipal Court Act requires the Municipal Court to take judicial notice of city ordinances, there is no provision in such act or any other act requiring or authorizing the Appellate Court to do so on writ of error from a judgment of the Municipal Court.

2. MUNICIPAL COURT OF CHICAGO, § 26*—*when city ordinance must be made part of record for review.* Where a party to a suit in the Municipal Court desires to have any ruling in that court

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

involving the construction of a city ordinance, such ordinance must be made a part of the record in the same manner as if the suit had been tried in the Circuit Court.

3. Municipal Court of Chicago, § 29*—*when ruling of trial court will be presumed correct on review.* On appeal from a judgment of the Municipal Court where the record omits any matter or thing necessary to enable the Appellate Court to determine the correctness of a ruling, it will be presumed that facts omitted were sufficient to justify the ruling of the trial court.

4. Municipal corporations, § 860*—*nature of proceeding for penalty for violation of ordinances.* In a suit to recover a penalty for violation of an ordinance, no arraignment or plea is required as in criminal cases, nor is it necessary that the verdict designate the particular count of the complaint under which the defendant was found guilty.

5. Municipal Court of Chicago, § 12*—*who may prosecute suit for violation of ordinance without sworn complaint.* Under a rule of the Municipal Court providing that in suits for violation of city ordinances a sworn complaint shall be filed before process is issued unless the suit is prosecuted by and in the name of the City Attorney, such suit may be prosecuted by and in the name of the "City Prosecutor" without a sworn complaint, where it appears that the City Prosecutor is in fact one of the attorneys for the City and authorized by ordinance to prosecute such suits.

6. Appeal and error, § 1665*—*when objection to jurisdiction waived.* Where a defendant not served with proper process entered a special appearance for the purpose of objecting to the jurisdiction of the court and on such ground moved the court to dismiss the suit and the motion was overruled, such defendant by thereafter going to trial upon the merits waives his prior motion and in legal effect, enters his general appearance.

7. Intoxicating liquors, § 105*—*when evidence sustains finding of guilty for keeping open after hours.* Evidence *held* sufficient to sustain a verdict of guilty for violation of an ordinance providing for the closing of a saloon, barroom or tippling house between the hours of one o'clock and five o'clock A. M. where it appeared that the defendant had a license for a saloon and another license for a restaurant on the same floor of the same premises; that the floor was divided into three rooms; that in one corner was the barroom proper, which was separated from the main room or restaurant by a partition and that in another corner of the floor was a kitchen, also separated from the main room by a partition, and that in this kitchen was what was called a "service bar," from which liquors were served to patrons of the restuarant, and it appearing

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

that the restaurant and kitchen were open after one o'clock, that fifty or more guests were found after that hour seated at the tables eating and that upon the tables were bottles resembling beer bottles, some partly filled and others empty.