## City of Chicago, Plaintiff in Error, v. James Cullen, Defendant in Error.

### Gen. No. 20,133.

1. APPEAL AND ERROR, § 782*—*what is nature of bill of exceptions.*
A bill of exceptions is the pleading of the party presenting it, and
to authorize a reversal of the judgment, prejudicial error must be
shown to have occurred at the trial.

2. APPEAL AND ERROR, § 1265*—*what will be presumed on appeal.*
In cases at law the presumption is in favor of the correctness of
the trial court's rulings unless their incorrectness is made to affirm-
atively appear.

3. APPEAL AND ERROR, § 1034*—*when Appellate Court will not
take judicial notice of ordinance.* Section 54 of the Municipal
Court Act as amended in 1907 (Hurd's R. S. ch. 37, sec. 317, J. &
A. ¶ 3371), providing that the Municipal Court shall take judicial
notice of all general ordinances of the City of Chicago, relates to
the procedure of the Municipal Court and does not require the
Appellate Court to take judicial notice of such ordinances, and such
practice would destroy uniformity in the procedure of the Appel-
late Court, since under established rules of practice the court could
not take judicial notice of such ordinances in cases taken up from
the Circuit or Superior Courts.

4. APPEAL AND ERROR, § 1034*—*what Appellate Court does not
take judicial notice of.* The Appellate Court cannot take judicial
notice of the rules of the Municipal Court.

Error to the Municipal Court of Chicago; the Hon. EDWARD T.
WADE, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1914. Affirmed. Opinion filed January 5, 1915.

WILLIAM H. SEXTON and JAMES S. McINERNY, for
plaintiff in error; ULYSSES S. SCHWARTZ, of counsel.

No appearance for defendant in error.

MR. JUSTICE GRIDLEY delivered the opinion of the
court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

On May 16, 1913, the plaintiff, City of Chicago, filed the following statement of claim in the Municipal Court of Chicago:

"Plaintiff's claim is for a penalty not exceeding $100 for a violation by defendant of section 1541 of the Chicago Code of 1911, in that the defendant did, on to-wit, the 1st day of January, 1913, keep open a certain saloon, barroom or tippling house, at to-wit, 344 E. 31st street, within the said city, during the nighttime, between the hours of one o'clock A. M. and five o'clock A. M., and did within the said place sell intoxicating liquors between the said hours."

The defendant, James Cullen, entered his appearance and waived a trial by jury, and on August 7, 1913, the cause was tried before the court, resulting in the court finding the defendant not guilty and entering a judgment on the finding.

From the stenographic report of the proceedings at the trial, certified by the trial judge as being correct, it appears that two witnesses on behalf of the City each testified, in substance, that they went into the saloon or barroom at No. 339 East 31st street in the City of Chicago, and there purchased beer of the bartender at 1:45 A. M. on the morning of January 1, 1913. The defendant testified, in substance, that his saloon on the morning in question was located at No. 341 East 31st street; that his cafe was located at No. 339 East 31st street; that at one o'clock on said morning he personally locked the doors of his saloon and closed the saloon and bar, and that he "closed up the cafe at two o'clock or a little after." In said stenographic report it is stated that the above "is all the evidence offered or heard on the hearing of the above entitled cause."

It is here urged by counsel for the City that the judgment should be reversed because the finding and judgment are against the weight of the evidence, in that it clearly appears that the defendant was guilty of

a violation of said section 1541 of the Chicago Code of 1911.

Nowhere in the stenographic report is it shown what the provisions of said section of said Code are. "A bill of exceptions is the pleading of the party presenting it, and to authorize a reversal of the judgment prejudicial error must be shown to have occurred at the trial. In cases at law the presumption is in favor of the correctness of the trial court's rulings unless their incorrectness is made to affirmatively appear." *Kiesewetter v. Knights of Maccabees*, 227 Ill. 48, 52; *People v. Drainage District No. 3*, 235 Ill. 278, 280. Section 54 of the Municipal Court Act, as amended in 1907 (J. & A. ¶ 3371), provides, *inter alia*, that the Municipal Court shall take judicial notice of "all general ordinances of the City of Chicago." In *City of Chicago v. Williams*, 254 Ill. 360, 365, it was held that said section relates to the procedure of the *Municipal* Court; and it was said that "the fact that the statute in question does not require the *appellate* tribunal to take judicial notice of the ordinance is no reason why the act is invalid *as applied to the municipal court*"; and it was further said, it being conceded in that case that there was an ordinance of the City prohibiting the offense charged against Williams and that Williams violated said ordinance: "We have no occasion to examine the ordinance, and hence there is no necessity for us to determine whether we would judicially take notice of it or whether it would have to be brought to our attention by some other method." In the record before us in the present case it does not appear to be conceded that section 1541 of said Chicago Code prohibits the acts charged in the statement of claim to have been done by the defendant, or that the defendant violated said section of said Code. And, in our opinion, this appellate court cannot take judicial notice of what the provisions of said section are. *Illinois Cent. R. Co. v. Ashline*, 171 Ill. 313, 315; *City of Chicago v. Tearney*, 187 Ill. App. 441. And, said section not ap-

pearing in the stenographic report, we cannot say, even admitting for the sake of the argument only that the facts as stated by plaintiff's witnesses were true, that the defendant was guilty of any offense, or that the trial court committed an error in entering the judgment.

It is the law that this court cannot take judicial notice of the rules of practice of the Circuit or Superior Courts of Cook county. *Anderson v. McCormick,* 129 Ill. 308, 314; *Bonney v. McClelland,* 138 Ill. App. 449, 454. Section 20 of the Municipal Court Act, as amended in 1907 (J. & A. ¶ 3332), contained the provision that the Supreme Court and this court, in cases brought to them from the Municipal Court by appeal or by writ of error, shall take judicial notice of the rules of practice from time to time in force in said Municipal Court. But our Supreme Court, in the case of *Sixby v. Chicago City Ry. Co.,* 260 Ill. 478, has held that, by reason of the provisions of section 29 of article VI of the Constitution, said section 20 is void, and that, inasmuch as this appellate court, in all cases coming from any court except the Municipal Court, cannot under established rules of practice take judicial notice of the rules of the trial court, to allow this court to take judicial notice of the rules of the Municipal Court would destroy uniformity in the procedure and practice in this court.

If it be argued that when a judgment of a *nisi prius* court is presented to an appellate tribunal for review, such appellate tribunal should take judicial notice of all things of which said *nisi prius* court is required to take judicial notice (*Fisher v. Charles Levy Circulating Co.,* 182 Ill. App. 393, 399, decided prior to the filing of the opinion in the *Sixby* case, *supra*), we think it is a sufficient answer to say that, inasmuch as under established rules of practice this court cannot take judicial notice of ordinances of the City of Chicago in cases coming to this court from the Circuit and Su-

perior Courts, to allow this court to take judicial notice of such ordinances in cases coming from the Municipal Court would also destroy uniformity in the procedure and practice in this court.

Finding no reversible error in the record, the judgment of the Municipal Court is affirmed.

*Affirmed.*