BOARD OF HEALTH OF NEW ROCHELLE, Appellant, v. JOHN FARRELL, Respondent.

Second Department, June 22, 1917.

**Municipal corporations — city of New Rochelle — authority of board of health to maintain action for violation of ordinance — power of board to enlarge its own powers — action in City Court — demurrer — motion to dismiss.**

A city board of health has no authority to bring an action except such as may be conferred by statute.

Section 383, subdivision 2, of the charter of the city of New Rochelle, authorizing the board of health " to abate all nuisances detrimental to the public health or dangerous to human life, by action at law or in equity in the name of the city," does not authorize an action by said board for a penalty for violation of an ordinance.

A board of health cannot enlarge its own powers to bring actions by a provision in the local sanitary code.

In an action by the board of health brought in the City Court objection as to the power to bring such action cannot be taken by demurrer, and is properly raised by a motion to dismiss at the close of the evidence.

APPEAL by the plaintiff, Board of Health of New Rochelle, from a judgment of the County Court of Westchester county, entered in the office of the clerk of said county on the 29th day of December, 1916, reversing a judgment of the City Court of New Rochelle and dismissing the complaint, and also · from the order pursuant to which the judgment was entered.

*Edward W. Davidson, Corporation Counsel,* for the appellant.

*Martin J. Tierney,* for the respondent.

BLACKMAR, J.:

This judgment must be affirmed without considering the interesting question of the constitutionality of the ordinance of the board of health of New Rochelle. This action, brought for a penalty for violation of an ordinance of the plaintiff, was laid in the City Court of New Rochelle. That court took judicial notice, not only of the charter of the city of New Rochelle, but also of the ordinance of the common council

(Laws of 1910, chap. 559, § 199; *City of Buffalo* v. *Stevenson,* 145 App. Div. 117); and whatever the court of first instance judicially recognizes without proof, that also is known by the court sitting on appeal from the judgment. (Chamberlayne Mod. Law of Evidence, § 612; *City of Buffalo* v. *Stevenson, supra.*) The board of health of the city of New Rochelle is the creature of the charter, which confers and limits its powers. An artificial body like the plaintiff has no authority to bring an action except such as may be conferred by statute. The only statutory authority conferring such power on plaintiff is found in subdivision 2 of section 383 of the charter, in the following words: " To abate all nuisances detrimental to the public health or dangerous to human life, by action at law or in equity in the name of the city." This does not authorize an action brought as the present one is. This is neither an action to abate a nuisance, nor is it brought in the name of the city. It is suggested by the appellant that such authority is conferred by a section of the local Sanitary Code; but, without reference to the fact that no such section was proved on the trial, it is not competent for the board of health to enlarge its own powers. This point could not be taken by demurrer in the City Court (Charter, § 209; Code Civ. Proc. § 2939), and it was timely raised by a motion to dismiss at the end of the evidence taken at the trial.

The judgment of the County Court of Westchester county is affirmed, with costs.

JENKS, P. J., THOMAS, STAPLETON and PUTNAM, JJ., concurred.

Judgment of the County Court of Westchester county affirmed, with costs.