(August 11, 1925.)

## STATE, Respondent, v. ED L. EGLI, Appellant.

[238 Pac. 514.]

EVIDENCE — JUDICIAL NOTICE — MUNICIPAL ORDINANCES—APPEAL FROM MUNICIPAL POLICE COURT.

On appeal from a municipal police court, neither the district court nor the supreme court can take judicial notice of an ordinance of the municipal corporation.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Ralph W. Adair, Judge.

Prosecution for violating city ordinance. Appeal from judgment of conviction in district court, rendered on appeal from judgment of conviction in municipal police court. *Reversed and remanded.*

A. H. Conner, Attorney General, and John W. Cramer, Assistant Attorney General, for Respondent.

A. S. Dickinson, for Appellant.

Counsel cite no authorities on point decided.

TAYLOR, J.—Ed L. Egli was convicted in the police court of the city of Blackfoot of violating an ordinance of the city. He appealed to the district court, where the cause was tried *de novo,* resulting in a judgment of conviction. This appeal is from the judgment and an order denying a motion for a new trial.

In this appeal, the validity of the ordinance, and perhaps its constitutionality, is involved. The ordinance was not introduced at the trial, and is not in the record, nor was there

Publisher's Note.

Judicial notice of municipal ordinances, see notes in 5 Ann. Cas. 614; Ann. Cas. 1914C, 1232. See, also, 15 R. C. L. 1077.

any showing or stipulation of its contents or its enactment. While this point was not particularly presented in the argument, the appellant assigns as error the following:

"The court erred in its instructions to the jury, wherein it instructed them that they could convict the defendant under said ordinance."

The record discloses that the district court did instruct the jury as to the provisions of section 2 of the ordinance. We are, therefore, confronted with the question of whether, on appeal from a municipal police court and trial *de novo,* the district court is bound to take judicial notice of an ordinance of the municipality. C. S., sec. 7933, sets forth facts of which the court takes judicial notice. City ordinances are not included therein. C. S., sec. 7952, provides the manner of proving certain official documents, and includes:

"5. Acts of a municipal corporation of this state, or of a board or department thereof, by a copy, certified by the legal keeper thereof, or by a printed book, published by the authority of such corporation."

See *State v. Dawe,* 31 Ida. 796, 177 Pac. 393.

There is a line of authority that a municipal court, which is created by the city council, may take judicial notice of city ordinances, and that an appellate court, on appeal from such municipal court, will take judicial notice thereof. (*City of Portland v. Yick,* 44 Or. 439, 102 Am. St. 633, 75 Pac. 706; *Downing v. City of Miltonvale,* 36 Kan. 740, 14 Pac. 281; *Galen Hall Co. v. Atlantic City,* 76 N. J. L. 20, 68 Atl. 1092; *Board of Health v. Farrell,* 178 App. Div. 714, 165 N. Y. Supp. 911; *Smith v. City of Emporia,* 27 Kan. 528 (530); *City of Solomon v. Hughes,* 24 Kan. 211.) We consider the better rule to be that, on appeal from a municipal police court, neither the district court nor the supreme court can take judicial notice of an ordinance of the municipal corporation. (*Gault v. City of Ft. Collins,* 57 Colo. 324, Ann. Cas. 1916B, 718, 142 Pac. 171; *McIntosh v. City of Pueblo,* 9 Colo. App. 460, 48 Pac. 969; *Garland v. City of Denver,* 11 Colo. 534, 19 Pac. 460; *Smith v. Town*

*of Eclectic,* 18 Ala. App. 329, 92 So. 212; *City of New Orleans v. Calamari,* 150 La. 737, 91 So. 172, 22 A. L. R. 106; *City of New Orleans v. Mangiarisina,* 139 La. 605, 71 So. 886; *Excelsior Steam Laundry Co. v. Lomax,* 166 Ala. 612, 52 So. 347; *Collier v. Schoenberg,* 26 Ga. App. 496, 106 S. E. 581; *Moore v. Mayor etc. of Town of Jonesboro,* 107 Ga. 704, 33 S. E. 435; *City of St. Louis v. Ameln,* 235 Mo. 669, 139 S. W. 429; *Town of Canton v. Madden,* 120 Mo. App. 404, 96 S. W. 699; *Wergin v. Voss,* 179 Wis. 603, 192 N. W. 51, 26 A. L. R. 933; *City of Chicago v. Cullen,* 191 Ill. App. 97.)

Moreover, the language of C. S., sec. 7952, providing for the method of proving municipal ordinances, would tend to negative the authority of the district court to take judicial notice thereof.

We conclude, therefore, that the district court erred in instructing the jury as to the contents of the ordinance, and, in effect, that it could convict the appellant thereunder. The judgment is reversed, and the cause remanded for further proceedings in accordance herewith.

Wm. E. Lee, Budge and Givens, JJ., concur.

William A. Lee, C. J., did not sit at the hearing and took no part in the decision.