No. 68.—EDWARD O. SHEFFIELD, plaintiff in error, *vs.* FRAN-CIS D. KEY & REUBEN RIALS, defendants in error.

[1.] If the affidavit in attachment says that A. B. owes, and the declaration says that A. B., surviving partner owes, it is no variance.

Attachment and Claim, in Baker Superior Court.    Tried before Judge PERKINS, October Term, 1853.

The affidavit for Attachment in this case, stated that "Fran-cis D. Key was justly indebted to Edward O. Sheffield, in the sum of fifteen hundred dollars."    The declaration filed upon this attachment, showed the liability to be by Francis D. Key, surviving partner of the firm of Lewis & Key.    A claim was interposed by Reuben Rials, to a portion of the property le-

vied on by the attachment; and upon the trial of that claim, the counsel for claimants moved to dismiss the attachment, on the ground of a variance between the affidavit and the declaration. The Court granted the motion, and this decision is assigned as error.

LYON, representing STROZIER, for plaintiff in error.

PLATT, for defendant in error.

*By the Court.*—BENNING J., delivering the opinion.

[1.] The declaration does not vary from the affidavit. "At Law, the legal right and liability entirely survive against and for the surviving partners, who alone can, at Law, sue and be sued. (*Golding vs. J. & G. Vaughan,* 2 *Chitty R.* 436.)— Therefore, "A demand against a surviving partner, as survivor, may be joined with a demand due from him, as if he were solely liable." (*Ibid.*)

And for the same reason, a debt due to a defendant as surviving partner, may be set off against a debt due from him in his own separate character. (*Slipper & others vs. Stidstone* 5 *Durn. & E.* 493. *French vs. Andrade,* 6 *Do.* 582. 1 *Chitty Pl.* 37.

As the declaration does not vary from the affidavit, it is not worth while to enquire whether if it did, the fact of its doing so, is such a matter as the *claimant,* a stranger to the case, could use for any purpose.

The case ought, therefore, to be re-instated and tried again.