ROCK ISLAND PAPER MILLS COMPANY, plaintiff in error, *vs.* TODD & RAFFERTY, defendant in error.

1. Declarations in attachment must be filed at the appearance term; but where a consent order was passed, dispensing with the call of the appearance docket, and allowing pleas and exceptions to be filed at the next term, and the Judge, presiding in the cause, gave an equitable construction to his own order, and held that the plaintiff might file a declaration in vacation, and no apparent harm was done to the defendant; held that, under all the facts of this case, this Court will not control his discretion.

2. The practice of dispensing with the calling of the appearance docket disapproved.

Motion to dismiss attachments. Practice. Decided by Judge WORRILL. Muscogee Superior Court. November, 1867.

Todd & Rafferty, White Sheffield & Company, Petty & Sawer, and Goulding Bagley and Sewell, for the use of Bagley & Sewell, sued out four several attachments, in their favor respectively, against Rock Island Paper Mills Company, all returnable to May term, 1867 of said Court. At that term, no declaration was filed·in either of said cases. On the last day of said term, just before it adjourned, the Court passed the following order: " It is, on motion, and by consent of parties and counsel, ordered that the call of the appearace Common Law Docket, for the present term be dispensed with, and that defendants have leave to plead and answer to cases on said docket, at and until the 1st day of the next term of the Court, as of the present term thereof, and all exceptions and dilatory pleas of cases on said docket stand continued for hearing for the said next term."

After said adjournment, plaintiff's attorneys filed their declarations in each of said cases. At the next term, the case of Todd and Rafferty being called, the defendant's attorneys moved to dismiss said attachments, because no declaration was filed at the first term, and it was agreed that this motion and the decision of it, etc., should control all of said cases.

R. J. Moses, Sr., stated, in his place, that he was present when said order was passed, that before said order was passed, and upon an intimation, given by the Judge, that the Court was about to adjourn till the term next in course, he asked R. J. Moses, Jr., (who, with himself and Mr. Garrard, composed the firm of Moses & Garrard, plaintiff's attorneys,) if the firm had anything to do before such adjournment, that the junior replied he would see, and turned to his papers for that purpose; that before the search was completed, said order was read and passed by the Court. Whereupon he remarked to the junior, that he could attend to any matter just as well at the next term. He further stated that had the appearance docket been called by the Court, and said cause had been sounded, he would have inquired whether de-

Rock Island Paper Mills Company *vs.* Todd & Lafferty.

clarations had been filed in said causes, and had they not been filed, he would have then filed them; that after the adjournment of the Court, he learned from the Clerk, that no declarations were filed in said causes, asked the junior why this was so and was told by him, that before the Court adjourned, an order was passed, which would allow them to be filed at the next term; that he sent for a copy of the said order, and, by inspecting it, satisfied himself that the declarations could be filed at the next term. It was conceded that no declarations had been prepared before said adjournment.

R. J. Moses, Jr., & Mr. Garrard, in their places, stated that the facts stated by R. J. Moses, Sr., were true as stated.

The Court refused to dismiss the cases, and this refusal is assigned as error.

PEABODY, for plaintiff in error.

MOSES & GARRARD, for defendants in error.

WALKER, J.

1. By the Act of 1838, as interpreted by this Court, in Birdsong & Sledge vs. Brooks, 7 Geo. R., 88, declarations in attachment must be filed at the first term of the Court to which the attachment is returnable. The same provision is incorporated into the Code, sec. 3232. The rule, then, is well established, that declarations founded on the process of attachment must be filed at the first term of the Court to which the attachment is made returnable. In this case the declaration was not filed until twenty-four days after the adjournment of the Court to which the attachment was made returnable; and unless there be a reason for a contrary course, the attachment must be dismissed.

The defendants in error insist that the facts of this case are sufficient to take the case out of the general rule. The practice in relation to proceedings by attachment has been considerably relaxed; and a much more liberal rule now prevails than existed under the old law. See Kennon & Klink

vs. Evans Gardner & Co., 36 Geo. R., 90 ; Rev. Code, sec. 3240, and 3233. The great object of legal proceedings now, is to administer to each litigant the full measure of his rights, without strict regard to technicalities. The Legislature and Judiciary unite in their efforts-to liberalize judicial proceedings, so as to render to each substantial justice. And where a cause suffers injustice by the mistake of a party or his counsel, the disposition, especially of late years, has been to remedy that injustice, when it can be done without doing injustice to the other party. In Earnest vs. Napier and wife, 15 Geo. R., 308, this Court says, " Mr. Graham, in his essay on new trials, states the rule to be, that when, in the progress of the trial, the cause suffers injustice, from the honest mistake of the party or his counsel, relief will be extended by granting a new trial." In Winter vs. The State, 18 Geo. Rep., 275, this Court decided that " where a party or his counsel are taken by surprise, by a misunderstanding of the Court, it is good ground for setting aside an order or judgment of the Court resulting from such mistake."

Now, what are the facts in this case? The Court passed an order, by consent of counsel, dispensing with the calling of the appearance docket. When this order was about to be taken and the Court adjourn, the senior counsel for defendants in error inquired of the junior if the firm had anything to do before the adjournment of the Court, and the junior began to examine the papers to see ; before the examination was fully made the order was read, and the senior remarked to the junior that they could attend to *any matter* just as well at the next term. He further stated that if the appearance docket had been called the declaration would have been filed in these cases. This statement shows that the senior counsel was honestly mistaken as to the action of the Court, and the cause of his client suffered injury thereby. The dispensing with the call of the docket was for the convenience of the Judge, who was probably fatigued, and wished to close the business of the term. He knew all the circumstances of the passing of the order, and he thought an equitable construction of this consent order, under the facts of this case, would sus-

Rock Island Paper Mills Company *vs.* Todd & Lafferty.

tain the attachments, more especially as no apparent harm was done the plaintiff in error by so doing. Notice has been given to the plaintiff in error of the pendency of the attachments, so that the dismissal of the attachments would leave the cases still pending, to be tried on the merits. Rev. Code, sec. 3233. We are disposed to regard the action of the Court, upon all the facts in this case, as a matter within his discretion, and as we see no abuse of that discretion we will not control his action.

2. It is the duty of the Judge to call the "appearance docket" at each term, and make the proper entries thereon. Many reasons might be given why this duty should not be neglected, but it is unnecessary to do so. We know that often the Judge is tired, and the bar, like himself, is anxious to get home, and by general consent *of those present* the calling of the appearance docket is dispensed with. This should not be. Trouble frequently originates from this practice. Absent counsel claim that they were no parties to any such consent; misunderstandings arise as to what was agreed to; and, unless the Court is very careful, injustice may be done by this omission of duty. Our own experience on the Superior Court Bench suggests numerous difficulties which may be avoided by the Judge performing his duty in this regard. But for the failure of the Judge to perform this duty, this case would not have been here; and it is but one of many which may arise. Hence we deem it proper to express our disapproval of the practice, and hope our brethren, on the Circuit Bench, will in this, as in other respects, perform all the duties imposed upon them by law. This course will, in the end, save labor both to themselves and to this Court.

Judgment affirmed.