## EARLE *v.* SAYRE & COUPER.

*Simmons, C. J.*—1. In case of an attachment against a non-resident debtor, executed by levy, the jurisdiction of a court of this State attaches by virtue of the seizure of the property of such non-resident; and where in obedience to a writ of attachment the officer executing the same seizes certain property as the property of such a non-resident debtor, and so makes his return to the court, it acquires such jurisdiction as will enable it to proceed to judgment subjecting his interest in the property to the payment of the debt. In such a case, if the alleged debtor have no separate leviable interest in the property, and he desires to call in question the jurisdiction of the court, he should in the first instance plead in abatement, and if, omitting to do this, he appears and pleads to the merits, the jurisdiction attaches generally by operation of law, and he cannot at a subsequent term be heard to plead in abatement of the action. Accordingly, where in such a case a plea in abatement is improperly allowed to be filed by the defendant after the first term, errors at the trial and errors in the charge of the court which relate alone to matters alleged in such plea afford no ground for complaint on the part of the defendant.

2. This being an action in which the plaintiffs sought to recover upon a contract which they alleged had been made in writing between themselves and the defendant by means of an epistolary correspondence, by the terms of which, as they insisted, the defendant was unequivocally bound to pay to them the price of certain goods, and the defense being that no complete and binding contract for the purchase of the goods had ever been made by the defendant, for the reason that the letters composing the correspondence plainly showed that the minds of the parties had never met, and that they had never "agreed to the same thing in the same sense"; and it appearing from an inspection of the correspondence that, if not clearly susceptible of the construction put upon the letters by the plaintiffs, they were at least ambiguous, and it further appearing that the trial judge allowed both the plaintiffs and the defendant the fullest latitude in introducing evidence to explain the true intent and meaning of the letters, the defendant cannot

complain that the jury found in favor of the plaintiffs' version
of them, there being ample evidence to support the verdict.

3. The charge as a whole fairly submitted the respective conten-
tions of the parties, and certainly contained no misdirection of
which the defendant had a right to complain; and there was
no error which would justify the granting of a new trial.

4. The verdict, however, was inadvertently rendered for a sum
of twelve dollars in excess of what the plaintiffs' recovery
should have been. This error has been corrected by an ap-
propriate direction.          *Judgment affirmed, with direction.*

October 15, 1896. Argued at the last term.

Attachment.     Before Judge Milner.     City court of
Cartersville.   June term, 1895.

*J. W. Harris, Jr.*, for plaintiff in error.
*A. S. Johnson*, contra.