## PARROTT *v.* DYER.

1. Where a deed conveyed land to a woman and her minor children in trust for the joint use and benefit of herself and them, with the power to "sell any portion or all of said property and to make a deed to the same, without any petition or order in chancery, the proceeds of such sale or sales to be invested in other property to be held subject to this trust": *Held*, that upon the arrival of the minor beneficiaries at majority, the trust became executed, and the trustee could no longer exercise the power of sale, so as to convey to another the interest of the original cestuis que trust in the land.

2. An answer filed to an action instituted to recover land, which avers that the plaintiff knew of and consented to a conveyance of the land by D., trustee, to B., and is therefore estopped from setting up title in himself as against B.'s successor in title, is not supported by evidence that the plaintiff knew of and consented to a conveyance of the land made by R., assignee of B., to P.; nor would an amendment to the answer setting up the latter state of facts be allowable when offered after the time for answer has expired, unless accompanied by an affidavit of the want of knowledge of the facts, as provided by section 5057 of the Civil Code, this section being in force at the time of the trial of the case.

3. Where a plaintiff sues to recover an undivided one-third interest in land, and the defendant by his answer in general terms denies plaintiff's title thereto, it is incumbent on the plaintiff to show his title to that interest before he can recover. When, therefore, in a given case, the evidence showed that plaintiff had an interest in the land, but did not definitely and specifically show what that interest was, it was error for the court to direct a verdict "for the premises in dispute." Such a verdict, being under the pleadings a finding for the plaintiff of an undivided one-third interest in the land, was not supported by the evidence.

Argued June 15, — Decided July 22, 1898.

Complaint for land. Before Judge Candler. Gordon superior court. August term, 1897.

On December 23, 1868, Hood executed a deed conveying certain land to Narcis Dyer, to be held by her " as trustee, in trust

for the use and benefit jointly of herself . . and the children of Daniel R. Dyer deceased, formerly the husband of said Narcis," and providing that " said Narcis may sell any portion or all of said property and make a deed to the same without any petition or order in chancery, the proceeds of such sale or sales to be re-invested in other property, to be held subject to this trust." The deed was recorded March 19, 1880.   In February, 1892, Narcis Dyer executed a deed conveying this land to Boaz for the consideration of $325, under and by virtue of the power of sale conferred by the trust deed.   At the time this latter deed was executed, all of the children of Daniel R. Dyer and Narcis Dyer were dead, except R. M. Dyer and Mrs. Simmons, and these had attained their majority.   On March 10, 1893, Boaz executed a deed conveying the same property to Rankin, as trustee and assignee for the benefit of the grantor's creditors, with power to sell the same, and on November 18, 1893, Rankin, as such assignee, for the consideration of $300 and under the power of sale given in the deed from Boaz, executed a deed conveying a part of the property to Parrott; and Parrott was in possession of that portion of the property, claiming it under this deed, when R. M. Dyer, one of the surviving children of Daniel R. and Narcis Dyer, brought suit, February 4, 1896, against Parrott for the recovery of an undivided third-interest in the same, contending that upon the coming of age of himself and his sister, Mrs. Simmons, the trust created by the deed first mentioned became executed, and the fee-simple title to the land vested in them and in Narcis Dyer, and the office of trustee in Narcis Dyer ended, and she therefore had no right to convey the property to Boaz.   The defendant answered, denying this, and contending that by the terms of the trust Narcis Dyer was fully authorized to sell the property at the time the deed to Boaz was executed, and her deed vested in Boaz a good title to the premises in dispute; also, that the plaintiff was estopped by reason of certain facts set out in the answer.

The court directed a verdict finding for the plaintiff " the premises in dispute."   Defendant's motion for a new trial was overruled, and he excepted.   The grounds of the motion are sufficiently stated in the opinion, except those covered by the second

division, viz.: The court erred in holding that the following plea filed by defendant was not a good plea to admit evidence showing that the conduct of Dyer communicated to Parrott would estop Dyer, and in refusing to admit the evidence offered by the defendant under the same, to wit: Defendant denies that at the time of Narcis Dyer's deed of conveyance, she had no legal right to convey the same, but avers that the authority vested in her, by the deed from Hood to her, authorized her to sell and convey the same to Boaz. Defendant denies any notice to Boaz, either actual or constructive, of plaintiff's claim to any interest in the premises in dispute. Defendant avers that at the time of the sale of said property by Narcis Dyer to Boaz, she was arranging to remove with her daughter, who was then a single, dependent female, to the State of Texas, and in pursuance of the terms of the trust deed made to her, to take the proceeds of the sale of the property and invest it in a home in that State, all of which was known at the time of the sale of the property to Boaz, by the plaintiff; and, with a full knowledge of what was occurring between his mother and Boaz in regard to the sale and disposition of the property to Boaz, he made no objection to the sale, but acquiesced in and consented to it, and therefore is estopped from setting up any claim to the same.—Under this plea defendant offered to introduce the evidence of Mrs. S. M. Johnson, taken by commission, to wit: "I had a conversation with Mr. Mark Dyer in Atlanta, Ga., in the year 1893, in regard to the purchase of said property by my brother E. L. Parrott [defendant] from the assignee of B. G. Boaz, to whom, as I understood it, the property then belonged. . . Mr. Dyer asked me if my brother, the defendant, was going to buy the property, but I did not think anything was said about the title. He said he would be glad for my brother to buy it, that we had always lived near each other, and he would feel like it was in the family, and that he would not give him any trouble about it. I was sitting in the car, saw Mr. Dyer on the outside, spoke to him and he came up to the car-window and spoke to me, and we had a casual conversation. I was on my way up there when Mr. Dyer spoke to me about the purchase of the property, and when I got to Calhoun I told my brother E. L. Parrott what Mr. Dyer

had said about his purchasing the property. I think that was before my brother bought the property."

.*W. H. Dabney, O. N. Starr* and *T. W. Skelly,* for plaintiff in error. *J. C. Harkins* and *R. J. McCamy,* contra.

LITTLE, J. 1. The first assignment of error is, that the court erred in holding that the trust in the deed from Hood to Narcis Dyer became an executed trust on the arrival of the children at the age of twenty-one years, and title to the land was then vested in her and her children as tenants in common, free from the power of sale given, and that neither Boaz, nor those claiming under him, acquired title to the interest in the land which the defendant in error, by virtue of the deed from Hood to Narcis Dyer, trustee, held in his own right after attaining his majority. We think that the ruling of the court as complained of in this ground of the motion for a new trial, was a correct construction of the law. By section 3149 of the Civil Code it is provided that trust estates may be created for the benefit of any minor, or person non compos mentis, etc. In the deed from Hood to Narcis Dyer, under which she held the property, the following trust was declared: "To be held by the said Narcis Dyer as trustee, in trust for the use and benefit jointly of herself, the said Narcis, and the children of Daniel R. Dyer, deceased, formerly the husband of the said Narcis." It is fair to assume that, at the time of the execution of this deed, the children referred to were minors, and such we presume was the case. If not, then immediately on the execution and delivery of the deed the children referred to took a fee in the land as tenants in common with Narcis Dyer. Assuming, however, that they were minors, then the beneficial interest in the land described in the deed was in the children, the trustee holding the legal title for them. A further provision of section 3149 of the Civil Code is in these words: "Provided, also, if at any time the grounds of such trust shall cease, then the beneficiary shall be possessed legally and fully of the same estate as was held in trust," etc. So that when these minor children became of age, the trust created by the deed became executed and the legal title to their respective interests in the property vested in them. Civil

Code, §§ 3156, 3157.  *Glover* v. *Stamps,* 73 *Ga.* 209; *Knorr* v. *Raymond,* 73 *Ga.* 749.  It being admitted that the defendant in error was one of the children named as a beneficiary in the deed to Narcis Dyer, trustee, and that such deed was properly executed and delivered, and that at the time of the execution and delivery of the deed made by Dyer, trustee, to Boaz, the defendant in error was of full age, it must be held that the trustee had no authority, under the power of sale given in the deed from Hood, to convey to a purchaser title to the property which vested in the defendant in error when he became of age.  When the trust became fully executed by the arrival at majority of the beneficiaries the power of sale given to the trustee could not thereafter be exercised.  Beach on Trusts, § 438; 2 Perry on Trusts, § 496.

2.  The second error assigned is, that the court erred in holding that a certain plea filed by the defendant was not good so as to admit evidence hereinafter set out.  A portion of the plea is as follows:  " Defendant avers that at the time of the sale of said property by Narcis Dyer to Boaz, Narcis Dyer was arranging to remove with her daughter, who was then a single, dependent female, to the State of Texas, and, in pursuance of the terms of the trust deed made to her, to take the proceeds of the sale of the property, and invest them in a home in that State, all of which was known at the time of the sale of the property to Boaz, by the plaintiff; and with a full knowledge of what was occurring between his mother and Boaz, he made no objection to the sale, but acquiesced in and consented to it, and therefore is estopped from setting up any claim to the same."  As it appears in full, much surplus language is contained in the plea, but the fact is averred that at the time of the sale by Dyer to Boaz, the defendant in error had full knowledge of the same, and that he acquiesced in and consented to such sale.  If as a matter of fact this be true, then the defendant in error would be estopped from contesting the validity of the deed made by Narcis Dyer to Boaz.  But under this plea, evidence showing that the defendant in error consented to the execution of the deed from Rankin, assignee of Boaz, to the plaintiff in error, would not be admissible; and the difficulty, we apprehend, in the admission of this

evidence was that there was no pleading which authorized it, and no evidence offered to substantiate the plea that he consented to the execution of the deed from Narcis Dyer, trustee, to Boaz. So that, while the plea was good, no evidence was offered to support it; and while the evidence offered would have been admissible, there was no plea filed to authorize its admission.

The next ground of error assigned is, that the court erred in refusing to allow an amendment to the plea. This amendment, in substance, sets out the fact, that a short time before the plaintiff in error purchased the land from Rankin, the assignee of Boaz, he was informed by his sister, Mrs. Johnson, that she saw the defendant in error at the car-shed in the city of Atlanta and had a conversation with him in regard to the purchase of the property from Rankin, assignee, and that defendant in error stated that he would be glad for Parrott (plaintiff in error) to buy it, and that he would never give him any trouble about it; and relying upon this statement of the defendant in error, told to him by his sister, he purchased the property in good faith. There are two objections to this amendment. The first is, that it is not germane to the original plea. The original averred that the defendant in error was estopped from denying the deed made by Narcis Dyer to Boaz. The amendment offered refers alone to the deed made by Rankin, assignee, to Parrott, and, not being germane to the original, it was not admissible as an amendment. This amendment set up new facts not stated in the original plea, and of which the original plea could not have given notice to the defendant in error. At the time of the trial of this case, the provisions of section 5057 of the Civil Code were in force (subsequently amended by the act of 1897, Acts 1897, p. 35), which declares: "The defendant, after the time allowed for answer has expired, shall not in any case by amendment set up any new facts or defense of which notice was not given by the original plea or answer, unless at the time of filing such amended plea or answer, containing the new matter, he shall attach an affidavit that at the time of filing the original plea or answer he did not have notice or knowledge of the new facts or defense set out in the amended plea or answer."

3. The next error assigned is, that the court erred in directing a verdict, without specifying and describing with sufficient certainty the plaintiff's interest in the land sued for. It will be remembered that the land was conveyed to Dyer as trustee, for the use of herself jointly with the children of Daniel R. Dyer, who was formerly the husband of the trustee. The effect of the conveyance was to vest title to the property in Mrs. Dyer and all of the children of Daniel R. Dyer—taking in equal interests. The pleadings show an admission on the part of the defendants that all of such children were dead at the time of the institution of the suit, except Mrs. Simmons and the defendant in error, and that at the time of the execution of the deed by the trustee to Boaz, these two children were of full age. There is no proof as to the number of children who originally took a beneficial interest under the deed from Hood, nor is there any proof or admission as to whether those of the children who were deceased died testate or intestate, nor whether they had lineal descendants who would be entitled to take their estate in preference to the mother, brother and sister. It can not therefore be determined, as a matter of law, in the absence of proof, what interest the defendant in error had in the land. If Mrs. Dyer, Mrs. Simmons and himself were the heirs of the deceased children, the result would be that each was entitled to an undivided one-third interest in the land; but the burden was on the defendant in error to show this fact, and he having failed to do so, the verdict is not supported. It is undoubtedly true that, under the evidence, the defendant in error had an interest, but the evidence leaves the quantum of that interest uncertain. The action was brought for the recovery of an undivided one-third interest, and the petition distinctly alleged that the plaintiff (below) owned an undivided one-third interest in the land. This allegation was denied in the answer. So that it was incumbent on the plaintiff, in the absence of any admission by the defendants of such ownership, to prove his interest in the land. This not having been done, he was not entitled to recover, and the court erred in directing the verdict.

We find no error in the other assignments made in the grounds of the motion for a new trial.

*Judgment reversed. All the Justices concurring.*