## MOORE *v.* MAYOR AND COUNCIL OF JONESBORO.

1. Unless expressly directed by statute, neither this court nor the superior court can take judicial cognizance of a municipal ordinance; hence an exception to a judgment rendered by a municipal court, which alleges in general terms that the judgment is contrary to law (the point intended to be made being that the judgment was contrary to an alleged ordinance), can not be considered when the ordinance in question does not appear in the record.

2. After failure to perform a public duty to which failure a penalty is attached, it is not competent for a defaulter to acquit himself of the default by tendering a sum of money the payment of which is fixed by law as the alternative of such performance. He must, in the first instance, perform the work required or make payment of such sum. The penalty attaches on his failure to do the one or the other when lawfully required.

3. The evidence in the municipal court warranted the conviction of the accused of the offense charged, viz., a default in working the streets.

Argued April 17, — Decided May 29, 1899.

Certiorari. Before Judge Candler. Clayton superior court. March term, 1899.

*John B. Hutcheson,* for plaintiff in error.
*W. L. Watterson,* contra.

LITTLE, J. By his petition for certiorari the plaintiff in error makes it appear that he was tried in the mayor's court for the town of Jonesboro, for failure to pay his street tax to

said town, and was fined in the sum of four dollars, to be discharged by eight days work on the public streets of that town. After his conviction he appealed to the council of the town, and the judgment of the mayor was sustained. He presented a petition for certiorari to the judge of the superior court. On the hearing the certiorari was dismissed, and to that ruling he excepted. From the answer of the mayor and council made to the writ of certiorari, it appears that on July 9 the plaintiff in error was summoned to work on the streets of the town; that he appeared in answer to the summons and worked a half day, but did not reappear for the prosecution of the work; that a case was made against him, as he was in default for one and a half days work, or the payment of the sum of seventy-five cents in lieu of such work. On the next day, the plaintiff in error came and tendered the sum of seventy-five cents, which was refused on the ground that a case had already been made against him as a defaulter. On the trial before the mayor the plaintiff in error alleged that he was sick and not able to work; that on the morning afterwards he carried the money to an officer of the town, who refused to accept the same.

1. It was submitted on the argument here that the ordinance of the town of Jonesboro, under which the defendant was convicted and sentenced, did not authorize the judgment rendered by the mayor. The petition for certiorari alleges that such judgment is contrary to law. The record does not contain any copy of the ordinance in question. Attached to the brief of the plaintiff in error is a certified copy of what purports to be an ordinance of the town of Jonesboro. In the consideration of cases presented, this court can only look to the record for the facts, and we are not at liberty to accept or consider as evidence anything which does not appear in the record. It being admitted in the argument that there was an ordinance of the town of Jonesboro requiring persons resident therein to work on the streets of the town, and the defendant by his bill of exceptions complaining that the judgment against him by the municipal authorities was in violation of the ordinance, it is incumbent upon him to show such violation. The courts of this State can not, unless authorized by statute, take judicial cognizance

of the ordinances of a municipal corporation. It is required by express statute, in the case of one or more of the cities of this State, that such judicial cognizance shall be taken, but as a general rule a municipal ordinance must be proved when it is desired that its terms be considered. Inasmuch, therefore, as the ordinance of the town of Jonesboro, which it is complained was violated, does not appear in the record, we are unable to consider the question whether the sentence imposed was in violation of law.

2. The evidence set out in the answer of the mayor and council is sufficient to sustain the conviction of the plaintiff in error. In his statement it was admitted that he was summoned to work the streets, to commence on Monday, July 11; that he appeared in response to the summons; that he was unwell and not able to work; that at noon he was requested by a gentleman to work for him, and that gentleman gave him the money to pay his street tax, and next morning he tendered it. According to this statement and the evidence which was submitted, the plaintiff in error had the alternative either to work the streets, or in lieu thereof, to pay a given sum of money. When summoned, he elected to do the work, and appeared but worked only for a short time. Not appearing again, the case was made against him, properly we think. When summoned, or at least when the time came for him to commence work, it was his duty to make his election. He chose to work, and when he subsequently stopped working before the expiration of the time he was required to work, he was a defaulter and then became liable for the penalty imposed on a defaulter. Having thus been in default, and having incurred the penalty, it was too late for him to avail himself of the alternative of the ordinance which he had already violated. The authorities could have accepted such alternative payment had they been inclined to do so; but they had also the power to treat him as a defaulter and to inflict on him, as such, the penalty prescribed by the ordinance of the town. In this instance they chose to do the latter; and it not appearing that the sentence imposed is in violation of law, the judge did not err in dismissing the certiorari.

*Judgment affirmed. All the Justices concurring.*