### ROBERTS *v.* KUHRT.

FISH, P. J.   1. Generally speaking, the construction placed upon its own rules by a court of original jurisdiction is conclusive ; and only in cases where it is clear that the construction given is wrong, and that injustice has been done, will the discretion of the judge of such a court construing its rules be interfered with by a reviewing court.     8 Am. & Eng. Enc. L. (2d ed.) 31, and cases cited.

2. It appears that a meritorious defense was filed to the action brought by the plaintiff.    The case by agreement went to the " absence docket."    Under the construction given by the judge to the rule of court by virtue of which it was sought to take the case from the " absence docket " and place it upon the trial calendar, there was not a proper compliance by the plaintiff with that rule.   A verdict and judgment in favor of the plaintiff having been taken in the absence and without the knowledge of the defendant, this court can not say that the court abused its discretion in vacating the judgment and reinstating the case upon a timely motion made for that purpose. *Lambert* v. *Smith*, 57 *Ga.* 25.

*Judgment affirmed.    All the Justices concur, except Simmons, C. J., absent.*

Argued February 23, — Decided March 4, 1904.

Motion to set aside judgment.     Before Judge Reid.     City court of Atlanta.    May 16, 1903.

A rule of the city court of Atlanta, governing the call of cases from the absence docket, provides that where a case has been passed to the absence of counsel, either party shall always have the right to call said case from the absence docket at any time after the expiration of the leave of absence, without notice, by furnishing to the clerk of said court a memorandum giving the style, number, and term of the case, one day before the bar meeting; and the judge calls the case from the memorandum so furnished, instead of the bench docket.    The judge of the city court held that the memorandum required by this rule, to be sufficient, must contain the name of counsel for the opposite party.

*James K. Hines,* for plaintiff.
*Fulton Colville,* for defendant.