### 1595. FROST *v.* PENNINGTON.

HILL, C. J. 1. While as a general rule cases should be called and tried in the order in which they are docketed, the rules of practice adopted by the trial courts regulating the assignment of cases and the making up of trial calendars will not be interfered with, unless in the application of such rules to the facts of a particular case manifest injustice has been done and the assignment of the case for trial was an abuse of discretion. Civil Code, § 5658; *Duggar* v. *Lackey*, 85 *Ga.* 631 (11 S. E. 1025).

2. "Generally speaking, the construction placed upon its own rules by a court of original jurisdiction is conclusive; and only in cases where it is clear that the construction given is wrong, and that injustice has been done, will the discretion of such a court construing its rules be interfered with by a reviewing court." *Roberts* v. *Kuhrt*, 119 *Ga.* 704 (46 S. E. 856).

3. Applications for continuance and postponement of cases are addressed to the sound legal discretion of the court; and unless the facts show that the discretion exercised in a particular case was manifestly and legally unsound, it will not be disturbed. Civil Code, § 5138. When the postponement of a case was requested on the ground of the absence of a witness served with a subpœna duces tecum, it was not abuse of discretion to refuse the request, when it appeared that the witness was a resident of the county and was not served with the subpœna duces tecum ten days prior to the trial of the case. Civil Code, § 5255.

4. Numerous grounds of the motion for new trial point out specific parts of the evidence which it is claimed show that the verdict is unsupported by the facts. If the evidence, considered in its entirety, supports the verdict, it will not be set aside because apparently contrary to detached portions of the evidence.

5. No material error of law appears. The questions involved only disputed issues of fact. These were settled by the verdict, which the trial court approved.　　　　　　　　　　　　　　　*Judgment affirmed.*

Complaint, from city court of Richmond county—Judge Eve. November 9, 1908.

Argued February 11,—Decided June 15, 1909.

*Henry S. Jones,* for plaintiff in error.　*Oswell R. Eve,* contra.