4124.   SILVERMAN & SON *v.* SLOAT & BROTHER.

Where, in an affidavit made as the foundation for an attachment, it is
alleged that the defendant is a non-resident of the State and is in-
debted to the plaintiff in a named sum, an amendment is allowable,
setting forth the nature and character of the indebtedness claimed.

DECIDED MAY 22, 1912.

Appeal; from Fulton superior court—Judge Pendleton.   March
21, 1912.

*Tindall & Silverman,* for plaintiffs.

*W. S. Dillon, Anderson, Felder, Rountree & Wilson,* for defend-
ants.

POTTLE, J.   Plaintiffs in error sued out in a justice's court an
attachment against defendants in error, and in the affidavit alleged
that the defendants were indebted to the plaintiffs "in the sum of
$75," and that the defendants resided without the State.   Upon
this affidavit an attachment was duly issued, returnable to the
justice's court, and the case was thereafter appealed to the superior
court.   When the case came on to be tried on the appeal, a motion
to dismiss the attachment was made, upon the ground that no
cause of action was set forth, and because no itemized statement
of the indebtedness was attached thereto.   In response to this
motion the plaintiffs in the attachment offered to amend by setting
forth a bill of particulars or statement of indebtedness.   The judge
refused to allow this amendment, and sustained the motion to dis-
miss.   In this we think the trial judge was in error.   In all cases
of money demands, in suing out an attachment, all that the code
requires is that an affidavit be made that the debtor has placed him-
self in some one of the positions enumerated in the code as author-
izing an attachment to issue, and that it should also set out "the
amount of the debt claimed to be due."   Civil Code (1910),
§ 5056.   By the Civil Code (1910), § 5110, the plaintiff in at-
tachment is given the right to "amend his attachment, or bond,
or declaration, as in other cases at common law."   Without refer-
ence to whether the amendment offered in the present case was
necessary, it is very clear that the plaintiff had a right to amend.
The attachment was not void, and was amendable so as to specify
the nature and character of the indebtedness which the plaintiff
claimed against defendants in attachment.   Indeed, this court held
in *Penn* v. *McGhee, 6 Ga. App.* 631 (65 S. E. 686), that "the

affidavit upon which an attachment is based is amendable, not only as to form, but also as to substance." There was enough in the attachment proceedings to amend by, and the .amendment offered was simply an amplification of the cause of action originally set forth.                                        *Judgment reversed.*