### 9200. BUSBY & SON *v.* ELLIOTT.

JENKINS, J. 1. An affidavit upon which an attachment is based is amendable to the same extent as ordinary declarations, and with only the restrictions, limitations, and consequences now obtaining in the case of

ordinary declarations and pleas (Civil Code of 1910, § 5706; *Penn* v. *McGhee*, 6 *Ga. App.* 631, 65 S. E. 686); but since a suit brought by one in his individual name can not be changed into a suit in the name of a partnership (*Blackwell* v. *Pennington*, 66 *Ga.* 240), the court did not err in refusing to allow the proposed amendment to the affidavit and attachment bond, to the effect that the indebtedness was due to A. W. Busby & Son, a partnership, instead of to A. W. Busby, as alleged in the original affidavit and bond.

2. An attachment proceeding instituted by affidavit in the name of an individual will not support a declaration brought in the name of a partnership (*Sheffield* v. *Key*, 14 *Ga.* 537), unless the variance has been waived by the defendant; but where the defendant has made a replevy bond payable to the partnership, and conditioned to pay to it the amount of the judgment which the partnership in its suit may recover, the defendant is estopped from setting up such variance, and the action thus brought will proceed as at common law, although the attachment itself and the levy made thereunder be dismissed. Civil Code (1910), §§ 5121, 5103; *Camp* v. *Cahn*, 53 *Ga.* 558; *Buice* v. *Lowman Mining Co.*, 64 *Ga.* 769; *Walter* v. *Kierstead*, 74 *Ga.* 18; *Mayer* v. *Brooks*, 74 *Ga.* 526; *Woodbridge* v. *Drought*, 118 *Ga.* 671 (45 S. E. 266); *Duke* v. *Automobile Supply Co.*, 21 *Ga. App.* 608 (94 S. E. 915); *Cowart* v. *Caldwell Co.*, 134 *Ga.* 544 (3), 550 (68 S. E. 500, 30 L. R. A. (N. S.) 720). The court erred in dismissing the declaration in attachment.

*Judgment reversed in part, and affirmed in part. Wade, C. J., and Luke, J., concur.*

DECIDED MAY 17, 1918.

Complaint; from city court of Floyd county—Judge Nunnally. September 7, 1917.

*Harris & Harris,* for plaintiffs.   *W. B. Mebane,* for defendant.