### 9958.   KNIGHT v. GASKINS.

Although an affidavit made for the purpose of requiring bail from the defendant in trover be defective in that the affiant does not swear positively but qualifies it by the words "to the best of his knowledge and belief," it is amendable, under the Civil Code of 1910, § 5706; and such an irregularity affords no ground for attacking by affidavit of illegality a judgment rendered against the principal and the surety on the bond in that proceeding.
DECIDED JUNE 12, 1919.

Affidavit of illegality; from city court of Nashville—Judge Christian. June 14, 1918.

*R. A. Hendricks, J. P. Knight,* for plaintiff in error.
*J. W. Powell, J. D. Lovett, W. D. Buie,* contra.

WADE, C. J. 1: While the statute (Civil Code of 1910, § 5150) applicable to bail-trover requires that when "any person who is about to commence an action for the recovery of personal property shall require bail, such person, his agent, or attorney shall make affidavit that the property is in the possession, custody, or control of the defendant, and that he has reason to apprehend that the said personal property has been or will be eloigned or moved away, or will not be forthcoming to answer judgment, execution or decree that shall be made in the case," etc., such an affidavit does not render the bond void because not sworn to postively but to the best of the attorney's "knowledge and belief," since there is no statute which expressly makes the proceeding void for such an irregularity. "All affidavits that are the foundation of legal proceedings, and all counter-affidavits shall be amendable to the same extent as ordinary declarations, and only with the restrictions, limitations, and consequences now obtaining in the case of ordinary declarations and pleas." Civil Code, § 5706. See also *Penn* v. *McGhee,* 6 *Ga. App.* 631 (65 S. E. 686) ; *Dolvin* v. *Hicks,* 4 *Ga. App.* 653 (62 S. E. 95) ; *Busby* v. *Elliott,* 22 *Ga. App.* 391 (95 S. E. 1014) ; *Levin* v. *American Furniture Co.,* 133 *Ga.* 670 (66 S. E. 888). The case of *Krutina* v. *Culpepper,* 75 *Ga.* 602, and cases there cited, are not in conflict with anything here ruled, since those cases were decided prior to the enactment of the statute from which section 5706, supra, relative to amendment of affidavits, is taken.

(*a*) Therefore the judgment in the main case against both the principal and the surety cured this amendable defect; and the surety on an eventual condemnation-money bond in an action of trover will not, after judgment, be heard to raise by affidavit of illegality any question which could have been raised by his principal before judgment. *Waldrop* v. *Wolff,* 114 *Ga.* 620 (40 S. E. 830) ; *Middleton* v. *Johnson,* 19 *Ga. App.* 478 (3), (91 S. E. 785).

2. The trial judge erred in directing a verdict sustaining the affidavit of illegality.

*Judgment reversed. Jenkins and Luke, JJ., concur.*