20705.   KING *v.* KNIGHT.

DECIDED OCTOBER 8, 1930. REHEARING DENIED NOVEMBER 11, 1930.

*John J. McCreary,* for plaintiff in error.

*Martin, Martin, Snow & Gillen,* contra.

BROYLES, C. J.   At the March term, 1930, of the city court of Macon there came on to be heard the motion of Jack King to dismiss the case of J. B. Knight against him, the same being an attachment issued from the municipal court of the City of Macon and returnable to the September term, 1929, of the city court of Macon. On the date of the filing of that motion, to wit, January 23, 1930, the papers in the case on file in the office of the clerk of the city court of Macon consisted only of the original attachment affidavit, bond, and writ, with entry of levy thereon, and a replevy bond

given by the defendant. The motion to dismiss was based upon the ground that no declaration in attachment had been filed at the first term of the case. Thereafter, on March 13, 1930, the plaintiff filed in the court an application to establish the declaration in attachment as having been filed in the office of the clerk of the court November 12, 1929. The defendant filed a sworn denial of the facts alleged in the application, and the issue thus formed was tried by the judge, sitting by consent without the intervention of a jury. Evidence was submitted by both parties and, after argument, the judge passed an order establishing the declaration in attachment and directing the clerk to mark it filed nunc pro tunc as of November 12, 1929. Thereafter the judge overruled the defendant's motion to dismiss the case.

The evidence authorized a finding that counsel for the plaintiff, on November 12, 1929, handed the declaration in attachment to either the clerk of the city court of Macon or his deputy, in the office of the clerk, for the purpose of being filed. And it is well settled that the handing of a paper by counsel to the clerk of a court for the purpose of being filed amounts in law to a filing of the same. *McDaniel* v. *Columbus Fertilizer Co.*, 109 *Ga.* 284 (2) (34 S. E. 598). It follows that the court did not err in either of its judgments.

   *Judgment affirmed. Luke and Bloodworth, JJ., concur.*