### 21568.   GRANT *v.* KELLEY.

STEPHENS, J. 1. Where a possessory warrant describes the property as "1500 lbs. white Spanish peanuts in hull" the affidavit and the warrant are amendable by adding thereto "said peanuts being stored in the east room of the double pen log house on lands belonging to" the defendant's wife in a designated district in the county, and being lands upon which the defendant and his wife reside. Civil Code (1910) § 5706; *Knight* v. *Gaskins,* 23 *Ga. App.* 788 (99 S. E. 634); *Johnson* v. *Lock,* 36 *Ga. App.* 620 (137 S. E. 911).

2. Upon the trial of an issue arising under a possessory warrant for the recovery of fifteen hundred pounds of white Spanish peanuts in the hull, where there was evidence to the effect that fifteen or sixteen sacks of Spanish peanuts, amounting to about a ton, belonging to the plaintiff, had been stolen from him in the middle of the night, and during the night hauled in a truck to the place where the defendant lived, and were then taken from the truck and carried into the defendant's "yard around on the other side of the house from where the truck was parked," that none of the sacks were brought back to the truck, and that early the next morning there were found in a room at the defendant's house some Spanish peanuts resembling those which the plaintiff had lost, some of them being in sacks and some of them piled on the floor, that the plaintiff's Spanish peanuts were "very trashy and full of stems" and that the peanuts found in the defendant's house seemed to be "just about as trashy" as the plaintiff's peanuts, that about fifteen hundred pounds of the peanuts found in the defendant's house were unsacked, and three sacks were there which were filled with peanuts, and there were there four or five sacks of peanuts of a description other than that of the plaintiff's peanuts, that fifteen or eighteen empty sacks were found in the defendant's crib and that these sacks "had not had time to settle," and where the testimony, both direct and circumstantial, which tended to prove that all the peanuts which were found in the defendant's house had been there before the plaintiff's peanuts were stolen and therefore did not belong to the plaintiff, was contradictory and did not

demand the inference that the peanuts did not belong to the plaintiff, the evidence authorized the inference that the peanuts which fit the description of the plaintiff's peanuts and that were in the defendant's house belonged to the plaintiff, and the judge of the superior court did not err in overruling the certiorari brought by the defendant, excepting to the judgment of the magistrate finding for the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1932.

*N. L. Stapleton,* for plaintiff in error.
*P. Z. Geer, J. A. Drake,* contra.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

