36235. UNIVERSAL MATCH CORPORATION *v.* HENDRICKS.

DECIDED JULY 9, 1956—REHEARING DENIED JULY 27, 1956.

*Isidore A. Blanch,* for plaintiff in error.
*Lucian J. Endicott,* contra.

GARDNER, P. J. Counsel for the plaintiff argues that the motion to file the declaration nunc pro tunc should have been

allowed. The affidavit, bond and attachment shows on its face that it was executed and filed February 23, 1955, and was returnable to the March term, 1955, of the trial court. Counsel cites a number of cases in support of his contention that the case should be reversed. Counsel cites and quotes from *Bailey* v. *Kennett*, 32 *Ga. App.* 255 (122 S. E. 804). That case is not in point because the facts there as compared with the facts in the instant case do not warrant that ruling superseding the rules of the Civil Court of Fulton County which must perforce be followed by attorneys practicing therein. Neither is *Earle* v. *Sayre*, 99 *Ga.* 617 (25 S. E. 943), in point under the facts of that case as compared to the case at bar. In *Coral Gables Corporation* v. *Hamilton*, 168 *Ga.* 182 (147 S. E. 494), counsel quotes headnote 1a. That was a case in equity to determine jurisdictional rights and certain other rights which do not appear in the case at bar and moreover the ruling there is not a ruling on the point now before us. Counsel also cites *King* v. *Knight*, 42 *Ga. App.* 269 (155 S. E. 784). In that case it appears that the declaration and attachment was handed to either the clerk or the deputy clerk for the purpose of being filed. That, of course, was tantamount to being filed. In the instant case counsel did not tender the declaration and attachment, but merely stated that he was ready to file said declaration but failed to file because of the erroneous statement of a deputy clerk. In *Rock Island Paper Mills Co.* v. *Todd*, 37 *Ga.* 667, the ruling allowing the declaration to be filed nunc pro tunc was based on an early announcement by the court that the appearance term of court would be dispensed with, and moreover a consent order was passed dispensing with the call of the appearance docket and allowing pleas and exceptions to be filed at the next term. Therefore that case is not binding authority for reversal of the instant case. Under the facts of this case and based on the rules of the Civil Court of Fulton County the trial court did not err in refusing to allow the declaration to be filed nunc pro tunc. It follows that this ground of the appeal is without merit. Counsel for the plaintiff also contends that by his amendment allowed on September 26, 1955, subject to demurrer, he complied with the rules of the Civil Court of Fulton County concerning declarations in attachment involving less than $300. Counsel cites

Code § 81-1312 in support of this contention. We concede that this is a proper concept of the law but does not apply to the facts of the case at bar. The following cases are also cited in support of the position of counsel for the plaintiff in relation to his method of pleading: *Cincinnati, New Orleans &c. Ry. Co.* v. *Pless,* 3 *Ga. App.* 400 (60 S. E. 8) ; *Dolvin & Co.* v. *Hicks,* 4 *Ga. App.* 653 (62 S. E. 95) ; *Penn & Watson* v. *McGhee,* 6 *Ga. App.* 631 (65 S. E. 686); *Silverman & Son* v. *Sloat,* 11 *Ga. App.* 193 (74 S. E. 938) ; *General Accident, Fire &c. Assurance Corp.* v. *Way,* 20 *Ga. App.* 106 (92 S. E. 650) ; *Kinney* v. *Kinney,* 20 *Ga. App.* 816 (93 S. E. 496); *Busby & Son* v. *Elliott,* 22 *Ga. App.* 391 (95 S. E. 1014) ; *Middlebrooks* v. *Carson,* 23 *Ga. App.* 665 (99 S. E. 151); *Holloman* v. *Baird,* 36 *Ga. App.* 49 (135 S. E. 494) ; *Thompson* v. *Wright,* 22 *Ga.* 607; *Bruce* v. *Conyers,* 54 *Ga.* 678; *Powell* v. *Cheshire,* 70 *Ga.* 357 (48 Am. R. 572) and *Alvaton Mercantile Co.* v. *Caldwell,* 156 *Ga.* 317 (119 S. E. 25). We have read the cases cited by counsel and find that no case holds that the filing of a declaration and attachment is not necessary. Neither does any case cited hold that such filing is waived by the appearance on the part of the defendant. Our own research has developed no authority which holds that the plaintiff in attachment was not required to file his declaration at the first term. It follows that there was nothing to amend by. In *Cochran Furniture Co.* v. *Corbett,* 49 *Ga. App.* 625 (2) (176 S. E. 827), the court held: "No declaration in attachment having been filed in the attachment proceedings, at the first term, or anything equivalent thereto, in accordance with the rule of the municipal court of Atlanta with reference to the filing of declarations in attachment proceedings, the judge did not err in this case in holding that such proceedings were void." Later on in the same opinion this court held: "No reason can excuse a plaintiff in attachment from filing his declaration in attachment at the first term. 'The failure of the plaintiff to file his declaration in attachment at the first term is a very serious defect, so serious, indeed, as to make it impossible to render any valid judgment in the case. The words of the statute are mandatory. "The plaintiff shall file his declaration at the first term." . . An attachment without a declaration is void and may be attacked anywhere. *Calloway* v. *Maxwell,* 123 *Ga.* 208.' " The

construction placed by a trial court upon one of its rules is usually conclusive and an appellate court will not interfere with such construction unless it is shown that such construction is manifestly wrong. See *Roberts* v. *Kuhrt*, 119 *Ga.* 704 (46 S. E. 856).

The Appellate Division of the Civil Court of Fulton County did not err in the judgment for any reason assigned by counsel for the plaintiff.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*