## 39414. SAFE-WAY FINANCE COMPANY v. STANDARD BAG COMPANY.

NICHOLS, Presiding Judge. 1. The judgment of the trial court, rendered November 22, 1961, overruling the motion of the plaintiff to dissolve the stay of execution, if granted as contended for by the plaintiff, would have been a final judgment, and the assignment of error on such judgment is sufficient to give this court jurisdiction of the writ of error.

2. The brief of evidence in the case sub judice conforms to the requirements of the act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., p. 440; *Code Ann.* § 70-305).

3. " 'Generally speaking, the construction placed upon its own rules by a court of original jurisdiction is conclusive; and only in cases where it is clear that the construction given is wrong, and that injustice has been done, will the discretion of the judge of such a court construing its rules be interfered with by a reviewing court. 8 Am. & Eng. Enc. L. (2d Ed.) 31, and cases cited.' *Roberts v. Kuhrt*, 119 Ga. 704 (1) (46 SE 856). See also *Frost v. Pennington*, 6 Ga. App. 298 (2) (65 SE 41)." *Perry v. Maryland Cas. Co.*, 102 Ga. App. 475, 477 (116 SE2d 620).

4. The judgment setting aside the default judgment against the garnishee in the present case was not based upon any written rule of the trial court but was based on a long standing practice which was not followed because the judge of such court was absent because of illness and the judge appointed by such judge as "presiding judge" was either not familiar with such practice or was not aware that the garnishee came within the category to whom such practice was applicable.

5. The judgment of the trial court was final after the end of the term in which it was rendered and could not be set aside, altered, etc., except for a defect appearing on the face of the record. See *American Mut. Liability Ins. Co. v. Satterfield*, 88 Ga. App. 395 (2) (76 SE2d 730), where it was held that a judgment could not be set aside at the next term where counsel for the losing party was not notified of such judgment until such next term even though the presiding judge, in accordance with a long standing practice, had promised to notify counsel of its judgment when rendered and had failed to do so. See also *Jones v. Bibb Brick Co.*, 120 Ga. 321 (48 SE 25).

6. What has been said above controls each ruling complained of by the plaintiff in error and the judgments of the trial court (overruling the demurrers to the court's motion to show cause why the default judgment should not be set aside, overruling demurrers and renewed demurrers to the defendant's answer filed after such default judgment was rendered, and overruling the motion to dissolve the stay of execution), must be reversed.

*Judgment reversed. Frankum and Jordan, JJ., concur.*

DECIDED APRIL 4, 1962.

*Cornelius B. Thurmond, Jr., Sanders, Thurmond, Hester & Jolles,* for plaintiff in error.

*Maurice Steinberg,* contra.