## 40001. WILSON v. BARROW.

RUSSELL, Judge. 1. Where a bill of exceptions contains assignments of error on orders relating to pleadings as well as on a final judgment dismissing a motion for new trial, the writ of error will not be dismissed on motion but, if no error of law appears, the judgment of the trial court dismissing the motion for new trial will be affirmed. *Whitner v. Whitner*, 207 Ga. 97 (60 SE2d 464); *Nail v. Nail*, 212 Ga. 299 (4) (92 SE2d 109). The motion to dismiss the writ of error is denied.

2. "Where a suit was brought on a promissory note, and a plea was filed which was insufficient, as, in substance, it was nothing more than a plea of the general issue, but no attack was made upon the plea by demurrer or motion to strike at the appearance term, and the court entered upon the docket, 'May 14, 1909, Ans.,' the court should not at the next term have refused to allow the filing of a plea which was offered as an amendment to that previously filed, and to which no other objection was raised except that 'there was nothing to amend by.'" *Simmons Furniture &c. Co. v. Reynolds*, 135 Ga. 595 (69 SE 913). It was not error for the court to allow the defendant to amend his answer at a subsequent term, no demurrer having been filed at the appearance term.

3. The affidavit of the defendant attached to the amendment that the facts contained "are offered in good faith and not for purposes of delay; and that said facts were not omitted from the original answer for purposes of delay" complies with *Code* § 81-1310. *Parrott v. Dyer*, 105 Ga. 93 (2) (31 SE 417) refers to the law in such cases prior to Ga. L. 1897, p. 35.

4. A motion to strike the defendant's answer and grant plaintiff a default judgment was made under *Code* § 38-2111 (2) (d) on the ground that certain interrogatories propounded by the plaintiff were not answered by the defendant within the 15 day period stipulated by *Code Ann.* § 38-2108 for answering interrogatories. It appears that answers to the interrogatories had been filed at the time the motion for default judgment was made. The interrogatories do not appear in this record, were presumably not introduced in evidence, and their relevancy to the case is not shown. The court has a discretion under *Code Ann.* § 38-2111 as to the consequences to be imposed for failure to comply with the provisions of *Code* Ch. 38-21, and no abuse of discretion is shown here.

5. Error is assigned on the order of the trial judge dismissing the motion for a new trial on the ground that "no written notice was given to [defendant's counsel] setting a time and place for the approval of the brief of evidence as provided by rule 8 of the rules of this court." Rule 8 is nowhere set out in this record, and is not a matter of which this court can take judicial notice. Cf. *Code* § 38-112; *Moore v. Town of Jonesboro,* 107 Ga. 704 (33 SE 435) (municipal ordinances); *Hartwell R. Co. v. Kidd,* 10 Ga. App. 771 (74 SE 310) (rules of Interstate Commerce Commission); *Crouch v. Fisher,* 43 Ga. App. 484 (159 SE 746) (rules of Board of Workmen's Compensation); *Atlanta Gas Light Co. v. Newman,* 88 Ga. App. 252 (76 SE2d 536) (Public Service Commission); *Hubbard v. Ruff,* 97 Ga. App. 251 (103 SE2d 134) (State Highway Dept.). "Courts take judicial notice of their own rules, but in the absence of a statute to the contrary, they do not take notice of the rules of other tribunals." 31 CJS 616, Evidence, § 49. We can only assume that the trial judge considered that the contents of Rule 8 of the rules of the Civil Court of Fulton County authorized or required him to dismiss the motion for a new trial because of lack of notice by the movant to opposing counsel of the presentation of the brief of evidence for approval by the trial judge at the time the motion for a new trial was set for argument. "Generally speaking, the construction placed upon its own rules by a court of original jurisdiction is conclusive; and only in cases where it is clear that the construction given is wrong, and that injustice has been done, will the discretion of the judge of such a court construing its rules be interfered with by a reviewing court." *Roberts v. Kuhrt,* 119 Ga. 704 (1) (46 SE 856). See also *Perry v. Maryland Cas. Co.,* 102 Ga. App. 475, 477 (116 SE2d 620); *Safe-Way Finance Co. v. Standard Bag Co.,* 105 Ga. App. 712 (3) (125 SE2d 733). Not having Rule 8 before us, we cannot in any event say whether it was misconstrued by the trial court and have no basis on which to interfere with his discretion in dismissing the motion for a new trial because of failure to comply with a rule of court.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

DECIDED APRIL 2, 1963.

*Oze R. Horton,* for plaintiff in error.
*Almon, Clein & Ray, Scott A. Ray,* contra.