42550. CHATHAM v. DeKALB COUNTY.

FRANKUM, Presiding Judge. 1. After the expiration of the term of court at which an order is made or a judgment is rendered, no motion to set the same aside having been made at that term, the trial court has no jurisdiction to set aside, alter, amend, revoke, vacate, or in any manner modify such judgment or order, except for defects appearing on the face of the record. *American Mut. &c. Ins. Co. v. Satterfield,* 88 Ga. App. 395, 396 (2) (76 SE2d 730); *Carolina Tree Service v. Cartledge,* 96 Ga. App. 240 (4) (99 SE2d 705); *Sargeant v. Starr,* 102 Ga. App. 453, 459 (3) (116 SE2d 633); *Safe-Way Finance Co. v. Standard Bag Co.,* 105 Ga. App. 712 (5) (125 SE2d 733); *Carswell v. Shannon,* 209 Ga. 596, 598 (2) (74 SE2d 850); *Amos v. Amos,* 212 Ga. 670, 671 (1) (95 SE2d 5). After the expiration of the term at which the judgment is rendered or the order is made, in the absence of a defect appearing on the face of the record, the only remedy available to one aggrieved thereby is to follow the procedure provided by law, and within the time provided by law, for appealing from such judgment or order, if it be a final and appealable order or judgment, or if it not be a final or appealable order or judgment, to await the event of the entry of a final or appealable judgment or order and to appeal from that judgment or order, enumerating as error the former judgment or order.

2. Accordingly, where, as in this case, the Judge of the Civil Court of DeKalb County, on March 30, 1966 (which was during the March term of said court, Ga. L. 1951, pp. 2401, 2404), in an unconditional judgment, sustained the defendant's renewed and additional demurrers to the plaintiff's petition as then amended, which renewed and additional demurrers included grounds of general demurrer to each count of the petition, and where thereafter, on April 19, 1966, at the April term, the court entered a judgment purporting to amend the March 30th judgment so as to afford the plaintiff 20 days in which to amend, the court was without jurisdiction, under the authorities cited in the first headnote, to enter the aforesaid judgment of April 19, 1966, and no appeal from the judgment of March 30, 1966, having been taken, nor any motion made within the March term to vacate or set the same aside, that judgment became final, and the case was

out of court, and all subsequent orders or judgments allowing amendments and passing on demurrers to the petition as thereafter attempted to be amended were nugatory.

3. The foregoing facts appearing from the record, it appears that the judgment appealed from was in fact void, and there having been no timely appeal from the final judgment of March 30, 1966, sustaining the demurrers to the petition, the appeal must be dismissed.

*Appeal dismissed. Deen and Quillian, JJ., concur.*

ARGUED JANUARY 10, 1967—DECIDED APRIL 18, 1967—
REHEARING DENIED MAY 18, 1967—

*E. T. Hendon, Jr.*, for appellant.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General, George P. Dillard, Herbert O. Edwards,* for appellee.