## 28993. SCHWALL v. McNEIL.

HALL, Justice.

This is an appeal by the defendant in an ejectment action from denial of a new trial motion following a directed verdict for the plaintiff. The issue is whether the trial court abused its discretion in refusing to allow the defendant's attorney to present his case when the attorney arrived in the courtroom prior to or coincident with the close of plaintiff's case, and his client, the defendant, was then available subject only to the few moments' delay that would be required to allow someone to assist her, as she was ill, to mount the stairs to the courtroom.

The record reflected that defendant's attorney had been out of the country on a delayed eight-day "honeymoon"; that he had returned to his home in the early morning hours of the day of trial; that upon arriving at his office he found the notice informing him that the present suit would be called for the setting of the calendar at 10:00 a.m. on the *preceding* day; that no one

had appeared for defendant at the calendar call and the case had been set for trial at 10:00 a.m. on the instant day; that he was due in federal court at that hour; that he had not expected the case to be called for trial on that day because there was a motion for summary judgment pending in the case and not yet ruled upon; that at 10:30 the trial court called his office, to find out why he was not there, and granted a continuance until 1:00 p.m.; that through a combination of circumstances including his client's transportation problems and the fact that the trial court was a two-hour drive from the attorney's office in another city, he and his client did not arrive until 1:45 p.m.; that the trial court had directed that another telephone call be placed to the attorney's office and had learned that the attorney was on his way; and that the clerk of court had received a telephone call from the attorney's office stating that he would be somewhat late. The record shows that defendant's attorney was physically present and had been addressed as such by the trial court prior to the trial court's designating a jury member as foreman and instructing him to sign the directed verdict for plaintiff, at the close of plaintiff's case. Defendant's attorney was given no opportunity to present his case, being limited by the court to remarks on the subject of whether he should be held in contempt.

Subject to constitutional rights of the litigants to notice, plainly the trial court must retain discretionary control of its own calendar. We are hesitant—and rightly so—to upset the court's rulings on these discretionary matters unless that discretion is clearly abused. *Roberts v. Kuhrt*, 119 Ga. 704 (46 SE 856); *Universal Match Corp. v. Hendricks*, 94 Ga. App. 251, 255 (94 SE2d 117); *Banister v. Hubbard*, 82 Ga. App. 813, 816 (62 SE2d 761); *Frost v. Pennington*, 6 Ga. App. 298 (65 SE 41). Defendant's attorney failed in a fundamental duty to be present or to have someone present in his stead when the case was called on the preceding morning to be set for trial, as his office had been given several days' notice by mail of the calendar call. On the trial day, the court had given a reasonable continuance until the afternoon, and had itself initiated more than one call to the attorney's office. We think that up to the moment when the directed

verdict was entered, the court had been patient and forbearing, perhaps going even further in a helpful direction than mere non-abuse of its discretion would have required.

SUBMITTED JUNE 28, 1974 — DECIDED SEPTEMBER 4, 1974.

*Schwall & Heuett, Stanley M. Lefco,* for appellant. *Guy B. Scott, Jr.,* for appellee.